[Crim. No. 6859.    Second Dist., Div. Two.    Mar. 16, 1960.]

THE PEOPLE, Respondent, v. RICHARD MARIO BERTI et al., Defendants; RICHARD LeROY BERRY, Appellant.

Paul Hill for Appellant.

Stanley Mosk, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

ASHBURN, J.—Convicted after a nonjury trial of possession of marijuana in violation of section 11500, Health and Safety Code, defendant was granted probation and further proceedings were suspended. Defendant appeals from the judgment (pursuant to Pen. Code, § 1237, subd. 1) and from an order denying his motion for new trial. The codefendant, Berti, was acquitted.

Counsel argues that the conviction rests only upon surmise and assumption and hence the evidence is insufficient to support the finding of guilt. ▮▮▮ ''The test on appeal is

whether there is substantial evidence to support the conclusion of the trier of fact. It is not whether guilt is established beyond a reasonable doubt." (*People* v. *Daugherty,* 40 Cal.2d 876, 885 [256 P.2d 911].) The cardinal rules of review here applicable are these: " 'We must assume in favor of the verdict the existence of every fact which the jury could have reasonably deduced from the evidence, and then determine whether such facts are sufficient to support the verdict.' If the circumstances reasonably justify the verdict of the jury, the opinion of the reviewing court that those circumstances might also reasonably be reconciled with the innocence of the defendant will not warrant interference with the determination of the jury." (*People* v. *Newland,* 15 Cal.2d 678, 681 [104 P.2d 778].) The rule is equally applicable to issues whose solution depends upon circumstantial evidence, for the question whether those circumstances are equally consistent with innocence is one of fact for the jury except in those instances where the court can say as matter of law that there is no substantial evidence to support a finding against the defendant upon the particular issue. (*People* v. *Wales,* 136 Cal.App.2d 846, 852 [289 P.2d 305]; *People* v. *Newland, supra,* 15 Cal.2d 678, 680-681; *People* v. *Perkins,* 8 Cal.2d 502, 509-511 [66 P.2d 631]; *People* v. *Daugherty, supra,* 40 Cal.2d 876, 885; 19 Cal.Jur.2d, § 485, at p. 251.) It is true in criminal as well as civil cases that the court is not bound to accept testimony of the appellant which is not actually convincing even though it be uncontradicted. "It must be considered in connection with other testimony and reasonable inferences therefrom, and the rule that the jury properly may reject part of the testimony of a witness, though not directly contradicted, and combine the accepted portions with bits of testimony or inferences from the testimony of other witnesses thus weaving a cloth of truth out of selected available material." (*Nevarov* v. *Caldwell,* 161 Cal.App.2d 762, 777 [327 P.2d 111].)

On January 23, 1959, about 1 p. m., defendant Berry, his codefendant Richard M. Berti, and one Torres, were traveling in a two-door Ford sedan with Berti driving, Torres in the back seat and appellant in the front seat on the right side. The window next to him was open and the only other one on that side of the car was closed. Los Angeles City Police Officers Chitwood and Bouscher were following them because Torres had been recognized by Bouscher as a narcotic user. When the Berti car neared the intersection of

Vantage and Stagg Streets in the Hollywood area, the police sounded their horn and motioned the Berti car over toward the curb. Officer Chitwood thereupon saw a shiny, silver-colored object, about 2 by 3 inches, leave the right front window of the Ford and land in the gutter about a foot from the curb. Later analysis showed that it was a package of marijuana. While the officer did not see the object leave the hand of any occupant, he did observe it leave the right front window and land on the ground. All three occupants were arrested. Berti was acquitted and it does not appear what disposition was made of the charge against Torres. In effect, the court found that appellant threw the object out of the window. This seems a reasonable conclusion.

While it was possible for Torres to reach forward from the back seat and throw the object out of the front window, and likewise possible for Berti the driver to throw it from his seat on the left side, it seems improbable that this would have occurred without attracting the attention of the officers whose attention was focused upon the car and its occupants. It would be a very simple thing for defendant on the front right seat to eject it surreptitiously. The fact that the officer saw it as soon as it left the window argues that he probably would have seen any unusual movement of either of the other occupants of the vehicle which would result in the package flying through the air from the front right window. Plainly, the marijuana was inside the car and was thrown out when the police motioned the driver to the curb. The logical inference from the known circumstances seems to be that defendant threw it. Counsel's claim that this is but surmise and assumption cannot be sustained.

It is true that a finding cannot rest upon mere possibility or conjecture (*Robinson* v. *Board of Retirement,* 140 Cal.App.2d 115, 118 [294 P.2d 724]), but it may be sustained by the weight of probabilities, by the more convincing inferences. The one drawn by the trial judge in this instance is subject to the same comment as we made concerning a contested inference in *Edler* v. *Sepulveda Park Apts.,* 141 Cal.App.2d 675, 679 [297 P.2d 508]: "If it involves any degree of speculation it is only that minimal amount which is inherent in the ordinary process of drawing inferences. (See *Gilbert* v. *Pessin Grocery Co.,* 132 Cal.App.2d 212, 226 [282 P.2d 148]; *Miller* v. *Southern Pac. Co.,* 117 Cal.App.2d 492, 507 [256 P.2d 603]; *Finnegan* v. *Royal Realty Co.,* 35

Cal.2d 409, 424 [218 P.2d 17]; *Rovegno* v. *San Jose K. of C. Hall Assn.*, 108 Cal.App. 591, 595-597 [291 P. 848]; *Lindsey* v. *DeVaux*, 50 Cal.App.2d 445, 454 [123 P.2d 144].)''

■ *Sanders* v. *MacFarlane's Candies*, 119 Cal.App.2d 497, 500 [259 P.2d 1010], says: '' 'Whether a particular inference can be drawn from certain evidence is a question of law, but whether the inference shall be drawn, in any given case, is a question of fact for the jury.' (*Blank* v. *Coffin*, 20 Cal.2d 457, 461 [126 P.2d 868].) ■ An inference cannot be based on mere possibilities; it has been held that it must be based on probabilities. (32 C.J.S. 1132, 1133; *Gardner* v. *Seymour*, 27 Wn.2d 802 [180 P.2d 564, 569]; *Kentwood Lbr. Co.* v. *Illinois Cent. R. Co.*, 65 F.2d 663, 665.)''
An inference is defined in § 1958, Code of Civil Procedure, as follows: ''An inference is a deduction which the reason of the jury makes from the facts proved, without an express direction of law to that effect.'' ■ ''In California inferences in themselves constitute a recognized class of indirect evidence which a court or jury may not disregard. (Code Civ. Proc., §§ 1957, 1958.) Furthermore, 'upon a trial of a case the jury is to find not only the facts but also the inferences from them, if any may properly be drawn. . . . When an inference is supported by the evidence and is not opposed to human experience and reason it cannot be disturbed by an appellate court.' (10 Cal.Jur. 738.)'' (*Rovegno* v. *San Jose K. of C. Hall Assn.*, 108 Cal.App. 591, 596 [291 P. 848].)
■ Rules of evidence in civil actions are applicable also to criminal prosecutions with certain exceptions not pertinent here. (Pen. Code, § 1102.) *Miller* v. *Southern Pacific Co.*, 117 Cal.App.2d 492, 507 [256 P.2d 603], quotes from *Lavender* v. *Kurn*, 327 U.S. 645, 653, [66 S.Ct. 740, 90 L.Ed. 916, 923] as follows: '' 'It is no answer to say that the jury's verdict involved speculation and conjecture. Whenever facts are in dispute or the evidence is such that fair-minded men may draw different inferences, a measure of speculation and conjecture is required on the part of those whose duty it is to settle the dispute by choosing what seems to them to be the most reasonable inference. Only when there is a complete absence of probative facts to support the conclusion reached does a reversible error appear. But where, as here, there is an evidentiary basis for the jury's verdict, the jury is free to discard or disbelieve whatever facts are inconsistent with its conclusion. And the appellate court's function is exhausted when that evidentiary basis becomes apparent, it being imma-

terial that the court might draw a contrary inference or feel that another conclusion is more reasonable.' ''

*Finnegan* v. *Royal Realty Co.,* 35 Cal.2d 409, 424 [218 P.2d 17] : ''Just what would have happened in the present case had a sprinkler system been in operation is not capable of direct proof and must, of necessity, be largely a matter of speculation or of inference. And, even so, it has been held that the question is one for the jury, and not for the court.''

*Brewer* v. *Simpson,* 53 Cal.2d 567, 583 [2 Cal.Rptr. 609, 349 P.2d 289] : ''Appellate courts . . . if there be any reasonable doubt as to the sufficiency of the evidence to sustain a finding, should resolve that doubt in favor of the finding; and in searching the record and exploring the inferences which may arise from what is found there, to discover whether such doubt or conflict exists, the court should be *realistic and practical.*' '' (Emphasis added.)

Although the defendant testified that he did not throw the package from the car and had no knowledge of the presence of marijuana, we cannot say upon the record before us that the trial judge was not warranted in drawing the inference that defendant threw the marijuana from the car window and was in possession of same with knowledge of its unlawful nature. Factually analogous is *People* v. *Simmons,* 118 Cal.App.2d 238, 239 [257 P.2d 749], wherein a like holding was reached as the result of similar circumstantial evidence. The evidence at bar, though weak, is legally sufficient.

The judgment and the order denying motion for new trial are affirmed.

Fox, P. J., and Herndon, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 11, 1960. Peters, J., was of the opinion that the petition should be granted.