368 P.2d 649

Calvin Joseph CARROLL, Appellant,

v.

The STATE of Arizona, Appellee.

No. 1192.

Supreme Court of Arizona.

In Division.

Feb. 7, 1962.

Klass & Welliever, Phoenix, for appellant.

Robert W. Pickrell, Atty. Gen., John A. Murphy, Jr., Asst. Atty. Gen., for appellee.

DON T. UDALL, Superior Court Judge.

Defendant Calvin Joseph Carroll with co-defendant Arthur James Sorrell was charged with unlawful possession of narcotics. At the conclusion of state's evidence at a joint trial the court granted a directed verdict in favor of Sorrell. The case against Carroll was submitted to the jury which returned a verdict of guilty. From the judgment of conviction and sentence he appeals.

The evidence most strongly stated in favor of the State reveals that the defendant was arrested at Phoenix Sky Harbor Airport by two City of Phoenix police officers. The hour was 11:05 P.M. Defendant and one Sorrell, who were en route from Tucson to Las Vegas, were seated on a bench on the grounds at the southeast corner of the airport building. The officers who were acting on a tip approached them, Officer Murray in the front and Officer Irving from the rear. Officer Irving saw defendant "make a backward motion with his hand" and jump off the bench. There was no testimony that he threw any object. The officers searched the two men and then took them to the Bonanza Airlines Office where their baggage was searched. They were then permitted to board the airplane and their baggage was released. The officers then returned to the bench and searched the area. About a foot to 18 inches behind the bench Officer Irving found a rubber sheath folded into the shape of a ball containing a brownish-colored powder. Thereupon defendant and Sorrell were taken from the airplane and held for investigation. The contents of the sheath were tested as 15% heroin. An examination of defendant's arms showed marks of previous heroin injections.

Defendant moved for a directed verdict which was denied. His argument centers on the sufficiency of evidence to show constructive possession as opposed to actual possession because the narcotic was not found upon his person but upon the premises where he recently had been seated. The crime of possession of narcotics requires a physical or constructive possession with actual knowledge of the presence of the narcotic substance. People v. Gory, 28 Cal.2d 450, 170 P.2d 433. The theory

of "constructive possession" is not applicable in this case. It generally is applied to those circumstances where the drug is not found on the person of the defendant nor in his presence but is found in a place under his immediate and exclusive control, People v. Mack, 12 Ill.2d 151, 145 N.E.2d 609. Under the circumstances of this case defendant's only connection with the narcotic must have been that it was in his actual possession at or immediately before his apprehension by the officers. Possession may be shown by both direct and circumstantial evidence, People v. Antista, 129 Cal.App.2d 47, 276 P.2d 177. However, the evidentiary chain must so link defendant to the narcotic that the inference he knew of its existence and its presence where found may be fairly drawn, People v. Gory, supra; People v. Antista, supra.

■ Mere presence at the scene of a crime is insufficient to establish guilt.[1] In cases where the narcotic was found in a public place and conviction was sustained, there was involved a factor connecting the accused with the narcotic, independent of his presence at or near the location where the drug was found, such as an admission or conduct indicating knowledge by the accused,[2] or direct testimony that he placed an object within the place where the narcotic was found,[3] or direct testimony that the accused was seen to throw an object from a car window,[4] or away from him,[5] and the object identified as a narcotic was immediately secured by the arresting officers.

State v. Andrade, 83 Ariz. 356, 321 P.2d 1021 is illustrative as to sufficiency of evidence. Therein the defendants were found as passengers in a car containing stolen property and were charged with burglary. There was no evidence they knew the items of property were in the car. Against the rule that recent and unexplained possession of property stolen in a burglary is a circumstance connecting the possessor with the crime of burglary, the court cited the principle that to warrant conviction on circumstantial evidence alone, the evidence must be inconsistent with every reasonable hypothesis of innocence. The evidence was held not to satisfy this test.

There must be a presentation of a specific fact from which the jury may reasonably infer the defendant knew of the existence of the narcotic as found in his immediate vicinity before he may be chargeable with

1. People v. Boyd, 17 Ill.2d 321, 161 N.E. 2d 311; People v. Foster, 115 Cal.App. 2d 866, 253 P.2d 50; People v. Tabizon, 166 Cal.App.2d 271, 332 P.2d 697.
2. People v. Terrazas, 42 Cal.App.2d 281, 108 P.2d 680; People v. Gibson, 64 Cal. App.2d 537, 149 P.2d 25.
3. Hunt v. State, 158 Tex.Crim. 618, 258 S.W.2d 320; People v. Noland, 61 Cal. App.2d 364, 143 P.2d 86.
4. Baray v. State, 167 Tex.Crim. 456, 321 S.W.2d 87; Davila v. State, 335 S.W.2d 610 (Tex.Crim.1960).
5. People v. Berti, 178 Cal.App.2d 872, 3 Cal.Rptr. 514.

its possession. While exclusive opportunity in the sense that no others be present in the immediate area is not required, the circumstances must be such that they are at least consistent with a reasonable inference that defendant knew of the existence of the narcotic which was found, before he may be found guilty of "possession." The evidence as stated above is a frail support for such an inference. The only relevant factors are the presence of defendant sometime before in the area where the narcotic was found and the "backward movement of his hand." These circumstances require first an inference that defendant did in fact throw an object and second that the object so thrown was the narcotic in evidence, before defendant could be convicted of actual possession. There was no evidence to show he had knowledge of the presence of the narcotic where it was found. Therefore the state did not sustain its evidentiary burden, and the motion for directed verdict at the close of the state's case should have been granted.

Judgment reversed with directions to discharge the defendant.

STRUCKMEYER and LOCKWOOD, JJ., concur.