443 P.2d 439

**STATE of Arizona, Appellee,**

v.

**John DE SANTI, Appellant.**

**No. I CA–CR 155.**

Court of Appeals of Arizona.

July 8, 1968.

Rehearing Denied Sept. 3, 1968.

Review Denied Oct. 22, 1968.

Gary K. Nelson, Atty. Gen., Darrell F. Smith, Former Atty. Gen., by Carl Waag, Asst. Atty. Gen., for appellee.

Vernon B. Croaff, Public Defender, by Grant Laney, Deputy Public Defender, for appellant.

STEVENS, Judge.

■ The defendant was convicted of the offense of illegal possession of demoral, a narcotic drug. He was adjudged guilty, sentenced and appeals. The charge was laid under A.R.S. § 36–1002 as amended. We will state the facts in the light most

favorable to sustaining the conviction. State v. Womack, 6 Ariz.App. 267, 431 P. 2d 908 (1967).

A Skaggs Drug Store had a storeroom wherein liquor was kept. The storeroom was available only to employees. On 10 February 1967 the defendant entered the storeroom, removed two cases of liquor and left the Skaggs premises without making payment. He was observed in the storeroom by an assistant store manager who also observed him leaving the premises. The assistant manager and another employee followed the defendant onto the parking lot and observed the defendant place the two cases on the right-front seat of a car. The defendant then went around the car to the driver's side, entered, started the car and placed it in motion. Prior to any actual motion of the car the assistant manager removed one or both of the cases of liquor. There was a conflict in the evidence as to this point. The assistant manager and his fellow employee then proceeded to the driver's side of the vehicle and after some effort, succeeded in removing the defendant from the vehicle. In the meantime the defendant had caused the vehicle to move and in doing so there was a collision with another car. As a result, the right-front door of the defendant's vehicle was damaged and sprung rendering it difficult to close.

The Skaggs' employees escorted the defendant into the store and placed him in a locked, wire cigarette storage area. The police were called and officers Maskell and Swanson responded. They observed the defendant's vehicle and then proceeded into the store where they were advised as to the circumstances. The defendant was informed that it was the duty of the officers to impound and remove the car; to "secure", that is, to lock the car; or to telephone someone to come and take possession of the car. With some apparent reluctance the defendant told the officers to secure the car.

The defendant was taken from the store premises without the use of handcuffs and was placed in the paddy wagon in which the officers had arrived at the scene. As Maskell was attempting to close the right-hand front door in his efforts to secure the vehicle, he looked in the car and on the front seat, near the center toward the back of the seat, he saw a small bottle of clear liquid and a syringe. The officer reached into the car, his head, shoulders and arms being in the car, and he retrieved these articles. The word "demoral" was printed on the label on the bottle. Maskell called the narcotics officers. Later the contents of the bottle were analyzed and it was established that the bottle contained one of the narcotics named in the statute, demoral being a trade name.

The defendant was represented at the preliminary hearing by retained counsel. The evidence was reported and transcribed. At the time of the arraignment retained counsel was permitted to withdraw and the office of the Public Defender was appointed to represent the defendant. The Public Defender filed and urged a motion to suppress. This motion was denied by a different judge of the Superior Court. Thereafter the Public Defender requested a hearing as to the defendant's financial status. After the hearing the Public Defender was permitted to withdraw and the same retained counsel represented him at the trial. The Public Defender was appointed to represent the defendant in connection with the appeal.

The motion to suppress was urged based upon the reporter's transcript of the evidence at the preliminary hearing. It was urged that the arrest by the Skaggs' employees was an unlawful arrest and the demoral and syringe were secured by an unreasonable search and seizure.

THE ARREST

A.R.S. § 13–1404 is as follows:

"A private person may make an arrest:

"1. When the person to be arrested has in his presence committed a misdemeanor amounting to a breach of the peace, or a felony.

"2. When a felony· has been in fact committed and he has reasonable ground to·believe that the person to be arrested has committed it."

In Arizona we have an act relating to shoplifting. Two of the sections in connection with this act are as follows:

"§ 13–674. Arrest without warrant.

"A *peace officer may*, upon a charge being made and without a warrant, arrest any person whom he has reasonable cause to believe has committed or attempted to commit the crime of shoplifting or wilful concealment of merchandise in any wholesale or retail store or other mercantile establishment. Added Laws 1958, Ch. 8, § 1.

"§ 13–675. Defense to charge of false arrest

"Reasonable cause shall be a defense to a civil or criminal action brought for false arrest, false imprisonment or ·wrongful detention against *a peace officer, merchant or merchant's employee*, by a person suspected of shoplifting or wilful concealment of goods, wares or merchandise as provided in §§ 13–673 and 13–674. Added Laws 1958; Ch. 8, § 1." (emphasis supplied)

Grand theft is the theft of personal property in excess of $100. Burglary is the entry into a building with an· attempt to commit grand or petty theft. Both of these offenses are felonies. The assistant manager informed the defendant that he, the assistant manager, was placing the defendant under arrest for petty theft. At the time of the preliminary hearing it was established that the value of the liquor was $87.00. This evidence was not presented at the trial. At the preliminary hearing there was evidence to indicate that the defendant was observed entering the store and going directly to the storeroom. This would be evidence of burglary. This evidence was not presented at the trial.

■■ We hold that a private person has the right to place a thief under arrest without a warrant, even in the absence of a breach of the peace, and even though the offense be a petty theft, where that person observes the thief taking the personal property of that person or taking personal property over which he has custodial responsibility. To rule otherwise would render a private citizen, be he a home owner or in some other category, helpless to prevent the theft of articles of a value less than $100. In our opinion the term "a private person" as used in A.R.S. § 13–1404 refers to a person who is a stranger to the personal property which has been taken. Although we need not decide the question, there was evidence presented which would support the right to arrest the defendant for shoplifting or for burglary. The validity of the arrest does not turn upon the words used by the private person in explaining the reason for the arrest. The defendant could not have been at a loss to understand the reason for the arrest under the circumstances of this case. The principles set forth in State v. Arce in relation to an arrest apply. This case is reported in 6 Ariz.App. 241, 431 P.2d 681 (1967).

■■ The attention of officer Maskell was first attracted by the sight of the needle on the syringe. At the preliminary hearing he testified that he saw the printing "dem" on the label on the bottle. This happened during the time that he was attempting to close the door and his head was in the car in connection with that effort. This occurred prior to the time that he took possession of the bottle and syringe. The officer's observation of the lettering "dem" as stated at the preliminary hearing was not brought out at the trial. We hold that Officer Maskell was in the performance of his duty in attempting to secure and protect the vehicle and that his efforts in so doing did not require that he fail to observe that which was in plain sight within the vehicle. In so observing he was not making a search. Having observed, the circumstances were such that it was only reasonable for him to further investigate. There can be no unreasonable search and seizure unless there is first a

search. State v. Turner, 101 Ariz. 85, 416 P.2d 409 (1966).

The motion to suppress was properly denied.

## EXCLUSION FROM EVIDENCE

 At the trial the record was preserved by a timely objection when the State offered the demoral and syringe in evidence. The foundation which was laid at the trial is such that there was no error in the admission of these items in evidence.

## THE COMPLETE PICTURE RULE

The case of State v. Villavicencio, 95 Ariz. 199, 388 P.2d 245 (1964) and succeeding cases in the Supreme Court and in both Divisions of the Court of Appeals, establishes that even though evidence which has been received may indicate the possibility that an offense other than the one charged was committed, there is no error in receiving the evidence if it is intimately related to the circumstances surrounding the commission of the offense charged and if the evidence presents the complete picture with reference to the offense charged. The appeal urges that it was error for the County Attorney to state in his opening statement that he would prove that the defendant was initially apprehended for shoplifting. A timely motion for mistrial was made. The trial judge denied the motion and advised the defendant that if the matter was not properly shown by the evidence the court would give consideration to the renewal of the motion. The evidence was properly received under the rules set forth above and the motion was not renewed. We observe that caution on the part of the County Attorney would dictate that he should have abstained from the remark in his opening statement. Under the circumstances we find no error.

During the trial one of the Skaggs' employees testified that at the time they were seeking to restrain the defendant at the car they were advised by the defendant to leave him alone because he had a gun in the car. There is no evidence that a gun

was produced or found. The motion for mistrial was properly denied at the time of the receipt of the evidence under the complete picture theory.

The defendant brought out on cross-examination of one of the officers, that the officer was informed that the car did not belong to the defendant but was the property of another who was known to be a narcotic user. The police made no further investigation as to the accuracy of this information. The non-ownership of the vehicle was urged to the jury on argument. We hold that the circumstances were sufficient to warrant the jury finding a knowing possession of the narcotic in question by the defendant.

The entire transcript has been examined. We find no reason to reverse. The judgment and sentence are affirmed.

CAMERON, C. J., and DONOFRIO, J., concur.