445 P.2d 857

**STATE of Arizona, Appellee,**

v.

**Raymond CARR, Appellant.**

**No. I CA–CR 145.**

Court of Appeals of Arizona.

Oct. 17, 1968.

Review Denied Jan. 28, 1969.

. Darrell F. Smith, Former Atty. Gen., Gary A. Nelson, Atty. Gen., by Carl Waag and LeRoy R. Park, Phoenix, for appellee.

Machmer, Lehman & Cantor, by Gerald A. Machmer, Phoenix, for appellant.

J. THOMAS BROOKS, Judge of Superior Court.

Raymond Carr, hereinafter referred to as defendant, was convicted of unlawful possession of narcotics. He appeals from the judgment of conviction and sentence.

■ The material facts are hereafter set forth in the light most favorable to sustaining the conviction. State v. Womack, 6 Ariz.App. 267, 431 P.2d 908 (1967); State v. Love, 8 Ariz.App. 180, 444 P.2d 737 (decided September 3, 1968).

On the 9th day of September, 1966, two officers of the City of Phoenix Narcotics Bureau stationed themselves in a camper truck and placed an apartment in that city under surveillance. At approximately 8:00 o'clock a.m. on said date, the defendant came out of the front door of the apartment, looked up and down the street, and proceeded to walk over to an automobile parked at the curb. The defendant opened the trunk of the car, closed the trunk and re-entered the apartment.

Several minutes later, the defendant reappeared with a pitcher in his hand, whereupon he walked to the front of the automobile and opened the hood. At this time his activities were obstructed from the officers' view. Defendant closed the hood of the automobile and walked to the east side of the apartment where there were several palm trees with shrubbery and undergrowth. The defendant knelt down and placed his hand in the shrubbery, after which he returned to the apartment.

Approximately twenty minutes later, the defendant again exited the apartment, at which time he was carrying a white object in his hand. He returned to the same palm tree again, placed his hand in the undergrowth and then walked over to the parked vehicle. Defendant was seen to throw something into the street after which he entered the vehicle and drove away.

At approximately 11:00 a.m. on the same morning, defendant returned to the apartment, at which time he was presented with a search warrant. Pursuant to said warrant, the officers searched the area under the palm trees and at the base of same they discovered a white waxed paper bag containing five rubber balloons. The testimony later established that each of these balloons contained a brown powdery substance, composed of forty-eight percent heroin.

One of the officers then went to the street, retrieved the white object that the defendant had thrown away earlier and visually compared it with the bag containing the balloons of heroin. The officer testified that the two objects were similar but he did not retain the one found in the street as evidence, stating that "he did not feel that it was important to the investigation." No narcotic substance was found on the defendant's person or in his vehicle. The State then rested and following the trial court's denial of a motion for a directed verdict, witnesses called by the defense testified substantially as follows:

That on the date of the alleged crime, the defendant did not reside in the apartment in question, nor had he ever resided there; that a water faucet was located on the east side of the apartment behind the trees and shrubbery referred to in prior testimony; that the defendant had taken a pitcher from the apartment and gone outside in order to put water in the radiator of his vehicle.

Defendant took the stand and denied possession of the narcotics or any knowledge thereof. He testified that on the date in question he had visited his girl friend who was living in the apartment and had been given a cup of coffee and a breakfast roll; that he had filled a water pitcher

from a hose in the area of the palm trees and placed the water in the radiator of his automobile, whereupon he took the pitcher back inside the apartment and drove his car away to have it repaired. He testified that he might have thrown away a napkin or piece of paper that he had with the breakfast roll and that he had a handkerchief in his hand when he emerged from the apartment which was used to remove the hot radiator cap from the vehicle.

Defendant appeals principally upon the ground that the prosecution presented insufficient evidence to warrant submission of the question of his guilt to the jury. If this be so, the trial court should have granted the motion for a directed verdict which was made at the close of the State's case and again at the close of all of the evidence. Defendant claims that the State failed to present evidence sufficient in law to establish that he possessed a narcotic drug.

■■ The crime of possession of narcotics requires a physical or constructive possession with actual knowledge of the presence of the narcotic substance. Carroll v. State, 90 Ariz. 411, 368 P.2d 649 (1962). Although possession may be shown by direct or circumstantial evidence, the evidence must link the defendant to the narcotics in such a manner and to such an extent that a reasonable inference may arise that the defendant knew of the narcotics' existence and of its whereabouts. Carroll v. State, supra.

As the State concedes in its answering brief, the case against the defendant depends not upon the theory of constructive possession but upon actual possession, which must be inferred from the fact that the defendant either removed narcotics from under the palm tree or deposited it there.

Here, the only factors in support of such a proposition are the presence of the defendant where the narcotics were found, the movement of his hand in the shrubbery

on several occasions and the fact that the defendant threw an object into the street which "appeared" to be paper similar to that which contained the balloons of heroin.

It should be noted that the narcotics were situated in shrubbery near an apartment in which the defendant did not reside and in an area which was readily accessible to anyone, including the public in general.

■■ Mere presence at the scene of a crime is insufficient to establish guilt. State v. George, 95 Ariz. 366, 390 P.2d 899 (1964); Carroll v. State, supra. In order to warrant a conviction based solely upon circumstantial evidence, such evidence must not only be consistent with guilt but inconsistent with every reasonable hypothesis of innocence. State v. Thompson, 101 Ariz. 38, 415 P.2d 566 (1966); State v. Bearden, 99 Ariz. 1, 405 P.2d 885 (1965); State v. Andrade, 83 Ariz. 356, 321 P.2d 1021 (1958).

■ In order to sustain the conviction of the defendant in the instant case, the circumstances would require a reasonable inference that the defendant possessed and knew of the presence of the narcotics merely by reason of his presence where the narcotics were found, the movements of his hand under the trees and the throwing of a white object into the street. The evidence was not sufficient to support such an inference and the motion for a directed verdict should have been granted.

The judgment is reversed with instructions to discharge the defendant.

CAMERON, C. J., and STEVENS, J., concur.

NOTE: Judge FRANCIS J. DONOFRIO having requested that he be relieved from consideration of this matter Judge J. THOMAS BROOKS was called to sit in his stead and participate in the determination of this decision.