451 P.2d 646

**The STATE of Arizona, Appellee,**

v.

**Leon HARRIS, Appellant.**

**No. 2 CA–CR 137.**

Court of Appeals of Arizona.

March 12, 1969.

Rehearing Denied April 9, 1969.

Review Denied May 6, 1969.

Gary K. Nelson, Atty. Gen., by Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

Erik M. O'Dowd, Tucson, for appellant.

KRUCKER, Judge.

Appellant, Leon Harris, hereinafter designated defendant, was convicted of unlawful possession of marijuana. He appeals from the conviction.

The material facts are herein presented in the light most favorable to sustaining the conviction. State v. Carr, 8 Ariz.App. 300, 445 P.2d 857 (1968); State v. Womack, 6 Ariz.App. 267, 431 P.2d 908 (1967); State v. Love, 8 Ariz.App. 180, 444 P.2d 737 (1968).

At approximately 7:30 p. m. on February 6, 1968, a Tucson police officer began the surveillance of 1016 South Tyndall. In front of the address was a Buick automobile, which appeared to stay as parked until 7:10 a. m. the next morning. Constant surveillance was not maintained; a gap occurred between 2:00 a. m. and 6:00 a. m. although periodic checks were requested of an inspection patrol car (R.T. p. 19). A second officer took up the morning watch. At about 7:30 a. m. Mrs. Harris, wife of the defendant, came out of the house with her small daughter, stopped outside the driver's door and appeared to unlock it. She then opened the rear door allowing the youngster to enter the back seat. She then walked normally back to the house and soon returned with the defendant who was wearing slacks, but shoeless and shirtless. He walked to the driver's door, peered into the back, finally gave up and walked around to the back of the car to the passenger's front seat. He kneeled in the front seat facing backward and appeared to reach and look downward. The second officer then drove up and defendant got out of the car. He closed the door of the Buick and after the officer mentioned an outstanding traffic warrant told his wife to go ahead to work. The officer asked her to stay. A search warrant was produced, and subsequently, five colored packages of

marijuana were found on the floor behind the right front seat of the defendant's Buick automobile. The marijuana weighed in excess of ten pounds and had a value on the illicit market of more than $10,000.

The single issue of appeal in this case is whether the trial judge erred in submitting these facts to a jury. Defendant maintains that "knowing possession" of marijuana requires in addition to the constructive possession of his car ownership, knowledge of the existence and content of the packages. He maintains that the act of reaching over the front seat is not sufficient independent evidence as to prove that knowledge. The State contends that there was evidence to show the car was locked at all times and that the motions indicated did constitute knowledge.

The Arizona Statute, A.R.S. § 36–1002.-05 requires:

"Every person who knowingly * * possesses any marijuana * * * shall be punished * * *."

Numerous cases have attempted to define "knowing."

In State v. Van Meter, 7 Ariz.App. 422, 440 P.2d 58 (1968), the Court of Appeals upheld a conviction of illegal possession of marijuana. The police had found the marijuana in open view in an apartment defendant shared with a roommate. The court held there was sufficient evidence for jury to convict defendant of knowledge when the narcotics were in his presence, in his apartment and in obvious view.

In State v. De Santi, 8 Ariz.App. 77, 443 P.2d 439 (1968), defendant was convicted of possession of Demerol. Coincident with an arrest for shoplifting, it was discovered that defendant's car contained a bottle of Demerol. It was proved that the car belonged to a known narcotic user, not the defendant. Nevertheless, the court upheld the defendant's knowledge and conviction.

In a recent case, State v. Allen, 9 Ariz. App. 196, 450 P.2d 708, filed (Feb. 24, 1969), defendant was found undressed in bed, in a residence known as a "shooting gallery", a place where narcotics are sold

to be consumed on the premises. His wallet and a box containing opiates were found under the bed, and other narcotic paraphernalia were found around the room. The court held this was enough to sustain the verdict, although he did not actually reside in the apartment nor did he make any observable contact with the narcotics. He was considered to be more familiar to the residence than a mere visitor.

In a recent California case, People v. Slade, 264 A.C.A. 227, 70 Cal.Rptr. 321 (1968), defendants were convicted of possession of marijuana. Cigarettes were found in the defendant's vehicle, on the seat and under the dash. The court held that the existence of the marijuana in the car plus the erratic driving of the defendant and his quick exit from the car were sufficient to support the verdict.

On the other hand, it has been held in Brumbelow v. United States, 323 F.2d 703 (10th Cir.1963), that the presence of heroin in defendant's glove compartment alone was not sufficient to convict for knowing possession.

And, in State v. Hunt, 91 Ariz. 149, 370 P.2d 642 (1962), the Supreme Court stated that the mere presence of the defendant where a drug was found is insufficient evidence for conviction.

In Carroll v. State, 90 Ariz. 411, 368 P. 2d 649 (1962), the Supreme Court reversed a possession conviction when the only factors supporting it were defendant's presence in the area and "a backward movement" of his hand. Said the Court:

"In cases where the narcotic was found in a public place and conviction was sustained, there was involved a factor connecting the accused with the narcotic, independant of his presence at or near the location where the drug was found, such as an admission or conduct indicating knowledge by the accused * *." 90 Ariz., at 413, 368 P.2d, at 650.

In State v. Carr, 8 Ariz.App. 300, 445 P.2d 857 (1968), the Court of Appeals reversed a conviction of illegal possession of

**290**

marijuana stating the standard of knowledge as follows:

> "Although possession may be shown by direct or circumstantial evidence, the evidence must link the defendant to the narcotics in such a manner and to such an extent that a reasonable inference may arise that the defendant knew of the narcotics' existence and of its whereabouts." 445 P.2d, at 859.

Defendant Carr was proved to be near some bushes at another's apartment and to have thrown something under the bushes and onto the street. Narcotics were later found in the shrubs and paper containing narcotics were found in the street. The court held the movements were not sufficient, especially in an area where defendant did not reside and which was accessible to the public.

Without stating a rule to apply in every case, mere presence without more in an apartment or car, of unobviously placed narcotics will not convict the owner or inhabitant of possession. Likewise, gestures alone in a public place where narcotics are found are insufficient to convict for possession. *Slade* appears helpful in the present instance, as the holding points only to erratic conduct and car ownership, but the facts in that case also indicate the marijuana was obviously displayed, as in *De Santi*.

The closest case in point is State v. Kelly, 99 Ariz. 136, 407 P.2d 95 (1965), where the Supreme Court held that if drugs were found in defendant's apartment under a valid search warrant it was sufficient evidence for the jury to decide whether defendant knew of the presence of the drugs. This holding was general and could be used in this case, except that other evidence existed to support the holding. An informer had given the information for the search warrant, but was unrevealed. Here no evidence exists as to why the search warrant was issued. Also, defendant Kelly initially denied knowledge of the satchel, but later said it had been left by a friend. Defendant Harris did not take the stand in his own defense, nor does the record indicate any out-of-court statements.

Given the above cases and their not inconsistent findings, this court finds that the exclusive control of defendant over his automobile, plus his movements within the car toward the back seat and the subsequent discovery of marijuana, are sufficient evidence of possession by the defendant to submit the question to the jury.

Judgment affirmed.

MOLLOY, C. J., and HATHAWAY, J., concur.