486 P.2d 814

**STATE of Arizona, Appellee,**

v.

**Lodie Jack HULL, Appellant.**

**No. 1 CA–CR 297.**

Court of Appeals of Arizona,
Division 1,
Department B.

July 6, 1971.

Rehearing Denied Sept. 30, 1971.

Review Denied Oct. 27, 1971.

Gary K. Nelson, Atty. Gen., by Carl Waag and William P. Dixon, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Public Defender, by James H. Kemper, Deputy Public Defender, Phoenix, for appellant.

JACOBSON, Presiding Judge.

Defendant, Lodie Jack Hull, was convicted by a jury of knowingly possessing marijuana. On appeal from this conviction, defendant raises two contentions: (1) the sufficiency of the evidence to sustain the conviction, urging in this connection that the evidence required a directed verdict; and (2) the admission into evidence of the arresting officer's summary of the complaint he. had received by telephone from defendant's mother.

In the trial court nearly every material fact was sharply disputed but under the established principle that all competent evidence and the reasonable inferences to be drawn therefrom will be considered in a light most favorable to sustaining the verdict, State v. Harris, 9 Ariz.App. 288; 451 P.2d 646 (1969); State v. Carr, 8 Ariz.App. 300, 445 P.2d 857 (1968), we must conclude that the jury accepted the state's version of the contested facts. Based on this premise, we summarize the facts pertinent hereto as follows:

On the evening of November 18, 1969, in response to a telephone complaint he had earlier received from defendant's mother, Phoenix police officer Kenner, together with another police officer, went to an apartment at 2006 East Buckeye in Phoenix. There Kenner identified himself as a police officer through the apartment window to the defendant. Kenner thereupon heard the toilet being flushed, running water, and rapid activity within the apartment. Following these events, which lasted approximately two minutes, defendant opened the front door and admitted the police officers. Inside the apartment, Kenner noticed a very strong odor which he believed to be characteristic of burned marijuana. There were two other persons in the apartment besides the defendant. All three persons stated that they lived in the apartment, the defendant going so far as asking for an

opportunity of proving the fact. The apartment building records reflected that the apartment was rented to a Bill Biggers, one of the three persons present. During the questioning, the other police officer noticed two partially burned cigarettes caught in the trap of the sink, which later proved to contain useable quantities of marijuana. No contentions have been raised concerning the validity of the seizure of the marijuana cigarettes or of the arrest or the admissibility of the defendant's statements.

As to defendant's first contention, A.R.S. § 36–1002.05 expressly applies only to a person "who knowingly possesses any marijuana." Under this statute, defendant contends the facts as hereinabove stated required a directed verdict on the ground that ·no reasonable jury could have found that he "knowingly" possessed the marijuana here involved. Numerous cases have attempted to define "knowing". In State v. Carr, *supra*, 8 Ariz.App. at 302, 445 P.2d at 859 (1968), we stated the standard of knowledge as follows:

> "Although possession may be shown by direct or circumstantial evidence, the evidence must link the defendant to the narcotics in such a manner and to such an extent that a reasonable inference may arise that the defendant knew of the narcotics' existence and of its whereabouts." (Citation omitted).

Theretofore, our Supreme Court had held that the *mere presence* of the defendant where a drug was found is insufficient for conviction of a crime requiring the "knowing" possession of the same. State v. Hunt, 91 Ariz. 149, 370 P.2d 642 (1962); Carroll v. State, 90 Ariz. 411, 368 P.2d 649 (1962); and more recently, in applying the foregoing standard, we have stated that the "mere presence *without* more in an apartment or car, of *unobviously* placed narcotics will not convict the owner or inhabitant of possession." (Emphasis supplied). State v. Harris, *supra,* 9 Ariz.App. at 290, 451 P.2d at 648.

■ Although here there was sufficient evidence to support a jury finding that all three persons, including the defendant, lived in the apartment and therefore had joint control and dominion over the same, the foregoing authorities suggest that dominion *alone* over premises where marijuana is unobviously placed is by itself insufficient to support a conviction requiring the knowing possession thereof. However, both knowledge and possession may be shown by circumstantial evidence, State v. Carr, *supra,* and while dominion *alone* may be insufficient to sustain a conviction for knowingly possessing, we are persuaded by our analysis of the same authorities that the *fact of dominion,* at a minimum, is a circumstance when considered with other circumstances showing knowledge is sufficient to sustain a conviction. Here, there was testimony of rapid activity within the apartment, including the flushing of a toilet and running water within the two-minute interval before defendant admitted the police officers. There was also expert testimony to the effect that there was an odor in the apartment of burned marijuana. We hold that the combined effect of all the evidence presented was sufficient to "link the defendant to the [marijuana] in such a manner and to such· an extent that a reasonable inference may arise that the defendant knew of the [marijuana's] existence and of its whereabouts," State v. Carr, *supra,* and therefore sufficient to sustain the conviction.

■ Defendant's next contention concerning the admissibility of Officer Kenner's summary of the telephone complaint he received from defendant's mother is not a proper subject for our consideration as an appellate court in that the evidence was admitted without objection, and the admissibility thereof may not therefore now be challenged on appeal. State v. Taylor, 99 Ariz. 151, 407 P.2d 106 (1965); State v. Maxwell, 95 Ariz. 396, 391 P.2d 560 (1964); State v. Eisenstein, 72 Ariz. 320, 235 P.2d 1011 (1951).

The judgment is affirmed.

EUBANK and HAIRE, JJ., concur.