**Edward Andrew CARR, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44938.**

Court of Criminal Appeals of Texas.

May 31, 1972.

Sam Houston Clinton, Jr., Austin, for appellant.

Robert O. Smith, Dist. Atty., Michael J. McCormick, Asst. Dist. Atty., and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DAVIS, Commissioner.

This is an appeal from a conviction for possession of marihuana. Trial was before the court upon a plea of not guilty. Punishment was assessed at three years probated.

Appellant contends that the evidence is insufficient to support the conviction.

The record reflects that Travis County Sheriff's Deputies, armed with a search warrant, entered the premises at 1101 East Riverside Drive, in Austin, on October 20, 1970. Officer Gonzales entered through the front door facing Riverside Drive into a living room-bedroom area where co-defendant Copp was found. Officer Webb gained entry through a side door which opened into a kitchen joining the living room-bedroom area and proceeded down a hall past a bathroom to another bedroom where he found appellant lying across a bed with his clothes on. A bag of marihuana, as well as a small quantity of marihuana seeds, were found on the kitchen table. On the floor, at the side of the bed in the living room-bedroom area, was a box containing three marihuana "roaches," marihuana seeds and stems. Pipes were found in the dining area which chemical analysis showed to contain traces of marihuana. The chemist was unable to tell the court, in relation to the date of arrest, when the traces of marihuana were acquired in the pipes. A cube of hashish was found in a little wooden box on a desk located against the wall to the right of the front door. Officer Webb testified that he searched the bedroom area where appellant was found and that his search failed to reveal anything.

This Court has recently written, in Shortnacy v. State, 474 S.W.2d 713:

"The mere presence of the accused at the scene of a crime does not of itself

justify drawing an inference that he participated therein. Reid v. State, 474 S.W.2d 702 (Tex.Cr.App.1972); Glenn v. United States, 271 F.2d 880 (6th Cir., 1959). Mere presence or even knowledge of an offense does not make one a principal. Ware v. State, Tex.Cr.App., 467 S.W.2d 256.

"Only recently in Brown v. State, 481 P.2d 475, the Oklahoma Court of Criminal Appeals wrote:

" 'Possession means more than being where the action is; it involves the exercise of dominion and control over the thing allegedly possessed. United States v. Romano, 382 U.S. 136, 86 S.Ct. 279, 15 L.Ed.2d 210; Fitzpatrick v. United States, 410 F.2d 513 (5th Cir., 1969). Mere proximity is insufficient. By its very nature, possession is unique to the possessor and it is not enough to place him in the presence of other persons having possession to impart possession to him. Commonwealth v. Reece, 437 Pa. 422, 263 A.2d 463, 466 (1970).

" 'It is true that exclusive possession is not necessary where the parties jointly possess a drug and possession may be proved by circumstantial evidence. Patterson v. State, Okl.Cr.App., 403 P.2d 515 (1965). However, it cannot be inferred from merely being present in a place where marijuana is found that the defendant had knowledge of its presence and had dominion and control. There must be additional evidence of knowledge and control to sustain a conviction.'

"In State v. Carr, 8 Ariz.App. 300, 445 P.2d 857, the Arizona Court wrote:

" 'The crime of possession of narcotics requires a physical or constructive possession with actual knowledge of the presence of the narcotic substance. Carroll v. State, 90 Ariz. 411, 368 P.2d 649 (1962). Although possession may be shown by direct or circumstantial evidence, the evidence must link the defendant to the narcotics in such a manner and to such an extent that a reasonable inference may arise that the defendant knew of the narcotics' existence and of its whereabouts. Carroll v. State, supra.' See also State v. Oare, 249 Or. 597, 439 P.2d 885."

We must determine if there is evidence which links appellant to the narcotics in the instant case. As was true in Kinkle v. State, Tex.Cr.App., 474 S.W.2d 704, no marihuana was discovered on appellant's person, cf. Alaniz v. State, Tex.Cr.App., 458 S.W.2d 813, or in the room in which he was found. Culmore v. State, Tex.Cr. App., 447 S.W.2d 915. Appellant made no furtive gestures, Culmore v. State, supra; Davila v. State, 169 Tex.Cr.R. 502, 335 S.W.2d 610. No marihuana odor was detected by any of the officers, Kinkle v. State, supra. There is no testimony that appellant was under the influence of drugs, Kinkle v. State, supra.

The State argues that appellant admitted that 1101 Riverside Drive was his address on the day the search warrant was executed when he testified at the motion to suppress hearing. Appellant's motion to suppress contended that the search was made without a valid search warrant and without probable cause in violation of Fourth Amendment rights. At the trial of the case, there is no evidence that appellant resided there. In Simmons v. United States, 390 U.S. 377, 394, 88 S.Ct. 967, 976, 19 L. Ed.2d 1247, 1259 (1968), the United States Supreme Court said, "We therefore hold that when a defendant testifies in support of a motion to suppress evidence on Fourth Amendment grounds, his testimony may not thereafter be admitted against him at trial on the issue of guilt unless he makes no objection." The testimony of appellant, at the motion to suppress hearing, was not offered at the trial on the issue of guilt.

The State urges that since appellant was found in the back room of the dwelling, he would have necessarily had to have passed the table where the bag of marihuana (found to contain 1.74 grams), pipes, and marihuana seeds were found to get to the

back room. We find this to be insufficient evidence to show that the appellant had the actual care, management and control of the marihuana for which he was tried, Kinkle v. State, supra; Massiate v. State, Tex. Cr.App., 365 S.W.2d 802.

The evidence being insufficient to support the conviction, the judgment is reversed and the cause remanded.

Opinion approved by the Court.