NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JEFFREY ISAIAH BATTLE, *Appellant.*

No. 1 CA-CR 16-0587
FILED 5-23-2017

Appeal from the Superior Court in Maricopa County
No. CR2015-156421-001
The Honorable Margaret R. Mahoney, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Lawrence H. Blieden
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge Donn Kessler delivered the decision of the Court, in which Presiding Judge Peter B. Swann and Judge Kent E. Cattani joined.

---

**K E S S L E R**, Judge:

**¶1**        Appellant Jeffrey Isaiah Battle was tried and convicted of possession or use of marijuana, a class 1 misdemeanor, and sentenced to one year probation. Counsel for Battle filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Clark*, 196 Ariz. 530 (App. 1999). Finding no arguable issues to raise, counsel requests this Court search the record for fundamental error. Battle was given the opportunity to, but did not file a supplemental pro per brief. For the reasons that follow, we affirm Battle's conviction and sentence.

### FACTUAL AND PROCEDURAL HISTORY

**¶2**        In December 2015, Phoenix Police Department detective SS observed a vehicle with unlawfully dark window tint fail to make a complete stop. SS followed the vehicle and initiated a traffic stop for the violations. As SS approached the stopped vehicle, he noticed Battle exit the driver's side and hurry into the driveway of the nearby residence.

**¶3**        SS and his partner exited their vehicle and gave Battle a command to stop. As SS approached Battle, he noticed a "very strong odor of marijuana" emanating from Battle. Battle was driving on a suspended license, and the keys to the vehicle were discovered in his pockets. The detectives conducted an inventory of the vehicle prior to towing it.

**¶4**        Upon opening the door to the vehicle, SS testified that he smelled a very strong odor of marijuana coming from inside the vehicle. SS found a handgun and pieces of a green leafy substance both in the center console and under the driver's seat. A police forensic scientist testified that the green leafy substance tested positive for cannabis resin.

**¶5**        SS testified that Battle acknowledged that he smelled like and used marijuana, but denied knowing the marijuana was in the vehicle. Battle testified that he smelled like marijuana because he had been around friends who were smoking. Battle is not the owner of the vehicle, but he

admitted he was using it that day. Mail and medical records belonging to Battle were also discovered inside the glove compartment of the vehicle.

¶6        After a trial to the court, Battle was convicted of possession or use of marijuana and sentenced to a year of unsupervised probation. Battle timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1) (2016) and 13-4033(A)(1) (2010).[1]

## DISCUSSION

¶7        In an *Anders* appeal, this Court must review the entire record for fundamental error. Error is fundamental when it affects the foundation of the case, deprives the defendant of a right essential to his defense, or is an error of such magnitude that the defendant could not possibly have had a fair trial. *See State v. Henderson*, 210 Ariz. 561, 567, ¶ 19 (2005) (citation omitted).  To obtain reversal for fundamental error, the defendant bears the burden to show the error was prejudicial.  *Id*. at ¶ 20.

¶8        In reviewing the sufficiency of evidence at trial, "[w]e construe the evidence in the light most favorable to sustaining the verdict, and resolve all reasonable inferences against the defendant." *State v. Greene*, 192 Ariz. 431, 436, ¶ 12 (1998) (citation omitted). "Reversible error based on insufficiency of the evidence occurs only where there is a complete absence of probative facts to support the conviction." *State v. Soto-Fong*, 187 Ariz. 186, 200 (1996) (quoting *State v. Scott*, 113 Ariz. 423, 424-25 (1976)).

¶9        To be convicted of possession or use of marijuana, the State must prove that the defendant had knowledge of the presence of the marijuana, as well as that the marijuana was in his dominion and control. A.R.S. § 13-3405(A)(1) (2016); *State v. Snodgrass*, 19 Ariz. App. 391, 396 (1973) (citations omitted). Both knowledge and possession may be shown by circumstantial evidence. *State v. Hull*, 15 Ariz. App. 134, 135 (1971) (citation omitted).

¶10        Substantial evidence supports the conviction. Detective SS testified that both Battle and the vehicle smelled very strongly of marijuana. The marijuana was found in locations easily accessible to and visible from the driver's seat of the vehicle Battle admitted to driving. *See State v. Teagle*, 217 Ariz. 17, 27, ¶ 41 (App. 2007) (citation omitted) ("Constructive possession can be established by showing that the accused exercised

---

[1]        We cite to the current version of statutes unless changes material to this decision have occurred.

dominion and control over the drug itself, or the location in which the substance was found"); *State v. Moses*, 24 Ariz. App. 305, 307 (1975) (citation omitted) (holding that another person's presence does not diminish defendant's guilt as exclusive possession is not required). Battle testified that the vehicle always smelled strongly of marijuana and that the smell alone would not have made him aware marijuana was present in the car. However, the court did not find this testimony credible. The court did not err in finding that Battle knowingly possessed marijuana.

## CONCLUSION

**¶11** After careful review of the record, we find no meritorious grounds for reversal of Battle's conviction or modification of the sentence imposed. The evidence supports the verdict, the sentence imposed was within the sentencing limits, and Battle was represented at all stages of the proceedings below and was allowed to address the court before sentencing. Accordingly, we affirm Battle's conviction and sentence.

**¶12** Upon the filing of this decision, counsel shall inform Battle of the status of the appeal and his options. Defense counsel has no further obligations, unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Battle shall have thirty days from the date of this decision to proceed, if he so desires, with a pro per motion for reconsideration or petition for review.

