NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

MARQUISE TYERONE JOINER, *Appellant.*

No. 1 CA-CR 18-0157
FILED 1-10-2019

Appeal from the Superior Court in Maricopa County
No. CR2017-123281-001
The Honorable Michael J. Herrod, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Vineet Mehta Shaw
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Rena P. Glitsos
*Counsel for Appellant*

_____

**MEMORANDUM DECISION**

Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge Jennifer B. Campbell and Judge Paul J. McMurdie joined.

_____

**C A T T A N I**, Judge:

**¶1**        Marquise Tyerone Joiner appeals his conviction and sentence for possession or use of dangerous drugs. For reasons that follow, we affirm.

**FACTS AND PROCEDURAL BACKGROUND**

**¶2**        Joiner was arrested in connection with an unrelated matter and was transported to a police station and placed in a holding cell by himself. Meanwhile, an officer inspected the room in the station where Joiner would be searched for items of contraband not allowed in the jail. After determining the room was empty, the officer escorted Joiner into the room to begin the search. During the search, the officer found a plastic bag containing methamphetamine next to Joiner's foot.

**¶3**        A jury found Joiner guilty of possession of dangerous drugs, and the court sentenced him to 10 years' imprisonment. Joiner timely appealed his conviction and sentence, and we have jurisdiction under Arizona Revised Statutes ("A.R.S.") § 13-4033(A).

**DISCUSSION**

**¶4**        To find Joiner guilty of possession of dangerous drugs, the State was required to prove that he knowingly possessed methamphetamine. A.R.S. §§ 13-3407(A)(1), -3401(6). Joiner argues that the State failed to present sufficient evidence to establish the elements of possession and knowledge. We review the sufficiency of evidence de novo, assessing whether the record shows substantial evidence from which a reasonable trier of fact could have found guilt beyond a reasonable doubt. *State v. West*, 226 Ariz. 559, 562, ¶ 15 (2011); *State v. Routhier*, 137 Ariz. 90, 99 (1983).

**¶5**        Under A.R.S. § 13-105(34), "possess" is defined as physically possessing or otherwise exercising dominion or control over, as relevant here, a drug. And here, substantial evidence showed that Joiner physically

possessed the methamphetamine. Before he entered the room to be searched, the officer confirmed the room was empty. The drugs were discovered next to Joiner, and other than the officer, Joiner was the only person in the area. Although the officer did not see Joiner drop the plastic bag, the location of the drugs next to Joiner's foot, the lack of other potential possessors, and the discovery of the drugs in a room that was initially empty provided substantial circumstantial evidence that Joiner possessed the methamphetamine.

¶6        Joiner argues that his case resembles other Arizona cases in which the evidence was insufficient to link the defendants to the drugs. In all of those cases, however, the drugs were found in places accessible to third parties or the public. *State v. Carr*, 8 Ariz. App. 300, 302 (App. 1968) (drugs found outside an apartment); *Carroll v. State*, 90 Ariz. 411, 413 (1962) (drugs found behind a bench outside Sky Harbor airport); *State v. Miramon*, 27 Ariz. App. 451, 452 (App. 1976) (drugs found under the passenger seat of a car containing three people). In contrast, here, the drugs were found in a locked room, inaccessible to third parties or the public, to which only police officers and police assistants had the badges necessary to access the room. And an officer confirmed that the room was empty immediately before Joiner's search.

¶7        Joiner also argues the evidence was insufficient to prove that he knew about the methamphetamine. But knowledge can be proven by circumstantial evidence. *See State v. Henry*, 205 Ariz. 229, 232, ¶ 11 (App. 2003). As described above, substantial evidence indicates that Joiner had the drugs in his possession when he entered the room, and a reasonable jury could have inferred he had actual knowledge of the items in his physical possession.

¶8        Finally, Joiner contends that the State unconstitutionally shifted the burden of proof because its argument presumed a finding of possession based wholly on mere presence. Mere presence in a location where drugs are found is insufficient for a conviction. *State v. Hunt*, 91 Ariz. 149, 153 (1962). But here, the State did not base its argument solely on Joiner's proximity to the drugs. In its closing argument, the State argued Joiner could be found guilty because—among other factors—the room where the drugs were found had been searched (and found to be empty) immediately before Joiner was brought into the room, and the drugs in question were found near Joiner in the room after he removed his shoes and socks. The prosecutor thus argued that the evidence suggested that the drugs were in Joiner's possession when he entered the room. Accordingly, the State did not unconstitutionally shift the burden of proof.

## CONCLUSION

¶9        Joiner's conviction and sentence are affirmed.



AMY M. WOOD • Clerk of the Court
FILED:   AA