491 P.2d 17

The STATE of Arizona, Petitioner,

v.

Charles L. HARDY, Judge of the Superior Court of the State of Arizona, in and for the County of Maricopa, Respondent;

Louis Cuen TAYLOR, Real Party In Interest.

No. 10673.

Supreme Court of Arizona,
In Banc.

Dec. 1, 1971.

Rose S. Silver, Pima County Atty. by William E. Druke and Horton C. Weiss, Deputy County Attys., Tucson, for petitioner.

Howard A. Kashman, Pima County Public Defender, Tucson, for real party in interest.

HAYS, Vice Chief Justice.

A Petition for Special Action was brought by the Pima County Attorney, alleging that the trial court had exceeded its jurisdiction in barring statements of the defendant Taylor, made after he came in custody. The defendant, who was 16 years of age at the time of the alleged statements, after a transfer hearing, was charged as an adult with one count of arson and twenty-eight counts of murder. This court accepted jurisdiction of the Special Action.

The petitioner contends that the trial court's ruling barring defendant's statements was based on the fact that his parents were not present when he waived his *Miranda* rights, nor did they consent thereto. Petitioner argues that Rule 18 of the Rules of Procedure of the Juvenile Court, 17 A.R.S., is controlling, rather than the holding in our previous decision in State v. Maloney, 102 Ariz. 495, 433 P.2d 625 (1967). Rule 18 reads as follows:

"Statement of a Child

No extra-judicial statement to a peace officer or court officer by the child shall be admitted into evidence in juvenile court over objection unless the person offering the statement demonstrates to the satisfaction of the court that: The

statement was voluntary and before making the statement the child was informed and intelligently comprehended that he need not make a statement, that any statement made might be used in a court proceeding, and that he had a right to consult with counsel prior to making a statement and during the taking of the statement, and that, if he or his parents, guardian or custodian could not afford an attorney, the court would appoint one for him prior to any questioning."

An examination of the trial court's order at the close of the admissibility or suppression hearing indicates that the court ruled that the parents should have been notified and their consent should have been obtained.

We hold that Rule 18, *supra*, sets the standards for the admission of the statement of a child. The presence of the child's parents or their consent to a waiver of rights is only *one* of the elements to be considered by the trial court in determining that the statement was voluntary and the child intelligently comprehended his rights. To the extent that this position deviates from State v. Maloney, *supra*, that decision is overruled.

It is ordered that the previous ruling of the Superior Court barring the statements of the defendant, Taylor, is set aside. This matter is remanded to the Superior Court for a ruling on the admissibility or suppression hearing consistent with the decision heretofore enunciated, and for further appropriate proceedings.

STRUCKMEYER, C. J., and LOCKWOOD, UDALL and CAMERON, JJ., concur.