**In the Interest of A. D. R., a child under seventeen years of age.**

**STATE of Missouri, Respondent,**

**v.**

**Arthur Daniel RONE, Jr., Appellant.**

**Nos. 56658, 57596.**

Supreme Court of Missouri,
En Banc.

Oct. 14, 1974.

Rehearing Denied Nov. 12, 1974.

John C. Danforth, Atty. Gen., Michael Boicourt, Preston Dean, Asst. Attys. Gen., Jefferson City, for respondent.

Richard J. Habiger, Harvey L. McCormick, The Legal Aid and Defender Society of Greater Kansas City, Lloyd F. Dieckman, Pohlmann & Dieckman, Kansas City, for appellant; T. E. Lauer, National Juvenile Law Center, St. Louis University School of Law, Saint Louis, of Counsel.

FINCH, Judge.

We have here two appeals consolidated for purposes of decision. Jurisdiction of both appeals was vested in this Court when the appeals were taken, and under the schedule to the amended Art. V, Mo.Const. adopted in 1970, effective January 1, 1972, V.A.M.S., we retain both appeals for decision.

An opinion herein was adopted in Division One, but by reason of a dissent thereto, the case was transferred to the Court En Banc. After reargument, the divisional opinion was not adopted and the case was reassigned for preparation of a new opinion. In the writing thereof, portions of the prior opinion are incorporated without the use of quotation marks.

The appeal in No. 56658 is from a judgment of the juvenile division of the Circuit Court ordering dismissal of the petition filed by the juvenile officer and permitting prosecution of the juvenile under the general laws of the State pursuant to § 211.071 RSMo 1969, V.A.M.S. We do not reach the merits in this appeal because in the case of In Interest of T. J. H., 479 S. W.2d 433 (Mo. banc 1972) (which had not been handed down at the time the present appeal was taken), this Court held that an order of the juvenile court dismissing a petition and in effect relinquishing jurisdiction over the child under the juvenile code is not a final order from which an appeal is to be allowed. Accordingly, the appeal in No. 56658 must be dismissed.

The appeal in No. 57596 is from a conviction for first degree robbery rendered in the trial of the defendant which followed the relinquishment of jurisdiction by the juvenile court. Defendant filed in the Circuit Court a motion to remand the case to the juvenile court, or in the alternative, to obtain a continuance pending decision of the appeal in No. 56658. That motion was overruled, the Court making a finding that the defendant had been properly certified under the statute by the juvenile court.

The propriety of that order is not preserved or raised on this appeal.

Following conviction by the jury, defendant was sentenced to 15 years in the custody of the Department of Corrections, and this appeal in No. 57596 followed. The single point raised on that appeal is "that the trial court erred in admitting evidence of a juvenile confession given by appellant for the reason that said confession was inadmissible in evidence by virtue of § 211.271(3) RSMo 1969 as amended [V.A.M.S.]."

The Abashion Confectionery in Kansas City was robbed by two youths at about 9:00 p. m. on December 14, 1970. One of the participants, later identified as defendant, was armed with a shotgun with which he threatened an employee of the confectionery. The shotgun was discharged into the ceiling of the confectionery as the robbers left the store. A police officer who happened to be in the neighborhood saw the two youths fleeing and pursued them. After a high speed chase, defendant was arrested 5 or 10 minutes later.

Defendant was taken to a police station where he was booked in and orally given a Miranda warning. During the booking process, defendant was heard to say (not in answer to any interrogation) that it wasn't his day, that the money obtained in the holdup was not worth it and that he would like to have his leather jacket back from the truck (his jacket was found by police in the back of the van which defendant and his companion used to flee the confectionery). After booking, during which information concerning the suspect is obtained, defendant (who was 16 or just short thereof) was taken by an officer to the youth building downtown. Later that night defendant was brought back to the police headquarters (apparently from the parental home) where he was questioned by police officer Hoffman. Charles Gardner, a deputy juvenile officer whom defendant knew from previous juvenile court experiences, was present during the questioning but did not participate therein.

Officer Hoffman read defendant a Miranda warning. Defendant stated that he understood and he signed a card which was an interrogation waiver. Defendant then gave a statement which was reduced to writing and signed by him and then witnessed by Hoffman and Gardner. Defendant's confession was offered in evidence at his trial after the court, in a hearing outside the presence of the jury at which defendant as well as the officers testified, determined that the statement was voluntary and admissible.

On appeal, defendant does not question the sufficiency of the evidence to sustain his conviction. He makes no complaint that he did not receive adequate warnings before he gave his confession or that he was coerced or that he was entitled to have others present or that his statement was not voluntary (as a matter of fact, at the hearing by the trial court on the admissibility of his confession, he stated specifically that the statement was voluntary). Defendant's sole and only assignment of error, as previously noted, is based on the proposition that under the provisions of § 211.271(3) his confession is not admissible. He argues that amended § 211.271(3) is premised upon considerations of fundamental fairness, the spirit of which is illustrated by Harling v. United States, 111 U.S.App.D.C. 174, 295 F.2d 161 (1961). Consequently, he asserts, said section is a complete bar to the use of defendant's statement or confession in a trial under the general law.

In State v. Wright, 515 S.W.2d 421 (Mo. banc 1974), decided concurrently, we considered this identical question at some length. We held therein that the statute does not establish an absolute and complete bar to use in a criminal trial of a statement or admission by a juvenile unless the statement in fact is one made to a juvenile court officer or other juvenile court personnel. We held that mere presence of a juvenile officer, when clearly the statement is made to a police officer and not to the juvenile officer, does not bring that state-

ment within the terms of § 211.271(3) and does not necessitate exclusion thereof in a criminal trial if the recognized requirements such as adequate warning and voluntariness are met. The rule adopted in Wright, 515 S.W.2d l. c. 421 is that "if, after he has been granted his federal constitutional Fifth and Sixth Amendment rights, a juvenile subject to jurisdiction of the juvenile court makes a voluntary statement to someone other than a juvenile officer or other juvenile court personnel, and if it is made clear to the juvenile that criminal responsibility can result from any statement he makes, and if the questioning authorities are operating as his adversaries rather than his friends, such statements are admissible in evidence against the juvenile in a criminal trial." Such question is determined on an ad hoc basis in the light of the totality of the circumstances.

Applying that rule, we note that prior to interrogation defendant was given a Miranda warning which included information that any statement given could be used against him in court. A deputy juvenile officer was present as an observer during all of the interrogation. Defendant was interrogated in an adversary situation by a person he knew to be a police officer and the statement made was to that officer, not to the bystander juvenile officer. Defendant makes no complaint that there was any coercion or any mistreatment. In the hearing on the admissibility of the confession, he stated that his confession was voluntary. In that testimony he recognized that anything he said could be used against him in any subsequent proceedings in court. We conclude and hold that defendant's confession was admissible under the rule announced in Wright.

The recent case of State v. Loyd, 297 Minn. 442, 212 N.W.2d 671 (1973) is pertinent. The Minnesota statute contained a provision generally comparable to § 211.271(3) before the 1969 amendment. The defendant in that case was interrogated by the police in the presence of his parents rather than a juvenile officer. The Court expressed agreement with the rule previously adopted by the Supreme Court of Oregon in State v. Gullings, 244 Or. 173, 416 P.2d 311 (1966) and this Court in State v. Sinderson, 455 S.W.2d 486 (Mo. 1970). In so holding, the Court said 212 N.W.2d l. c. 677:

"A confession by a juvenile is admissible if he has been apprised of his constitutional rights and voluntarily and intelligently waives those rights in making a statement. However, we recognize that the nature of the juvenile system may work to encourage a confession by a juvenile which might otherwise be withheld. While all of the facts and circumstances should be examined in determining whether a juvenile has intelligently waived those rights, it is important that the juvenile is questioned in an adversary setting and not in the confidential atmosphere of the juvenile court process; otherwise he may not realize that criminal responsibility might result. Awareness of potential criminal responsibility may often be imputed to a juvenile when the police are conducting the interrogation. Of course, the safest method the interrogating authority can pursue is to specifically advise a juvenile that criminal prosecution as an adult could result whenever such prosecution is possible."

We approve of the foregoing statement. We agree as to the desirability of specifically stating to the juvenile that he may be certified for trial as an adult and that any statement he makes will be usable against him in such a trial. However, we conclude that the trial court was justified in this case in holding that defendant was sufficiently advised that his statement could be used against him in a criminal trial. This case differs from that of State v. McMillian, 514 S.W.2d 528 (Mo. banc 1974), decided concurrently, in which we reverse and remand because the warning given the juvenile only outlined things the juvenile court could do if he made a statement and the trial court found unbelievable the testi-

mony of police officers that they remembered giving a warning regarding possible certification and prosecution as an adult.

Judgment affirmed.

MORGAN, HOLMAN and HENLEY, JJ., concur.

DONNELLY, C. J., concurs in part and dissents in part in separate opinion filed.

SEILER, J., dissents in separate dissenting opinion filed.

BARDGETT, J., dissents and concurs in separate dissenting opinion of SEILER, J.

DONNELLY, Chief Justice (concurring in part and dissenting in part).

I concur in the dismissal of the appeal in No. 56,658.

I dissent in No. 57,596 for the reasons stated in my dissenting opinion filed in State v. Wright, 515 S.W.2d 421 (Mo. banc 1974), decided concurrently herewith.

SEILER, Judge (dissenting).

I respectfully dissent for the reasons set forth in my dissent in the companion case of State v. Wright, 515 S.W.2d 421, decided this same date.

In addition, I do not believe there was compliance with Sec. 211.061, RSMo 1969, V.A.M.S., which requires that the police turn custody of the juvenile over to the juvenile authorities "immediately and directly" and the outcome of this case instead gives the police incentive to retain the child. The police arrested defendant about 9:00 p. m. and took him in a paddy wagon to a police substation at 27th and Van Brunt, where he was booked in. However, the written confession was not obtained until around 1:30 a. m. the following morning at the main police station in the Crimes Against Persons unit. There is no clear or direct evidence that defendant was turned over to the juvenile authorities before his confession was obtained by the police. The only witness who was asked about this was detective Merle Hoffman, who said he "supposed" defendant was sent to the youth bureau, but the witness admitted on cross-examination he had no personal knowledge on the matter. This witness also testified that the deputy juvenile officer "brought" defendant to police headquarters, but nothing appears as to when or where the juvenile officer received custody of the defendant. The juvenile officer did not testify. The defendant testified that he was taken by the police first to the substation and then to the main police headquarters; that he talked to the police before he was taken to the juvenile home.

Near the close of the state's case, when the state was getting ready to introduce the confession, the defendant moved to supress his statements, oral and written. The court heard testimony, outside the presence of the jury, from two policemen and the defendant, and then overruled the motion, finding that defendant was advised of his right to remain silent, that any statement given could be used against him, and as to his right of counsel. The court made no finding as to whether the police complied with Sec. 211.061 prior to obtaining the statement, an issue on which the burden of proof would logically fall on the state, which was offering the confession.

The above, in my opinion, does not comply with Sec. 211.061, even though the deputy juvenile officer was present at police headquarters when the police interrogated defendant. The interrogation admittedly took place at police headquarters, in the Crimes Against Persons unit. Beyond question the police department, not the deputy juvenile officer, is in charge and control of the police headquarters and what goes on there. If defendant were still in police custody at the time of his confession, as he demonstrably was, his statement was inadmissible under the established law, State v. Arbeiter, 408 S.W. 2d 26 (Mo.1966).

At the most, the juvenile authorities had no more than joint custody with the police

of the juvenile at the police station. Joint custody is not authorized under Sec. 211.-061, supra, or any other provision of the juvenile code and does not satisfy the requirements of said section or the Arbeiter decision, supra.

The state invokes State v. Sinderson, 455 S.W.2d 486 (Mo.1970), where a statement was admitted against a juvenile made at the police station to a police officer and the juvenile officer together. Sinderson is distinguishable, both as to law and facts. In the first place, the court expressly declined to construe the language or determine the meaning of Sec. 211.271(3) as amended, State v. Sinderson, l.c. 493. There are additional important differences. In Sinderson, the court pointed out that the juvenile was not picked up or arrested by the police, but was brought to the police station by his uncle and mother pursuant to arrangements made with the juvenile officer. The subsequent interrogation was arranged by the juvenile officer after he arrived at the police station. So the court concluded there was no violation of Sec. 211.061, supra, State v. Sinderson, l.c. 491–492, which is not true of the present case. In our case, defendant was arrested by the police, taken by them to one police station and then to another, where he confessed under police questioning. His parents were not notified. A juvenile officer known to defendant from prior occasions was present at police headquarters but stood by silently. It seems to me, therefore, that Sinderson does not rule the present case.

The majority opinion recognizes that it is necessary to make clear to the juvenile that criminal responsibility can result from any statement he makes. And yet having acknowledged this requirement, the majority promptly undercuts its own rule. On the evidence before the trial court the defendant here patently did not understand his situation. The following colloquy took place during the hearing on the motion to suppress:

"Q. (by the state) But they did tell you, did they, that what you said could be used against you in the event of a trial, could be used in court.

"A. (the defendant) Yeah.

"Q. And there was no mention made of juvenile court, just court is all they said?

"A. They said court. And me being a juvenile, I presume juvenile court.

"Q. And you weren't worried about making that statement because you said when you go down to juvenile court there is not much to it?

"A. In juvenile court all you do is have a hearing on it and assign your D.J.O. [deputy juvenile officer]."

The trial court's ruling found only that "He was advised that any statement he would make might be used against him as evidence in court." The issue of whether the juvenile actually understood and appreciated the possibility of prosecution as an adult was not squarely met, and it cannot be said that the defendant here made an intelligent waiver. Further, the police officer who interrogated the defendant admitted that defendant was not apprised of the possibility of criminal responsibility:

"Q. Did you advise him [the defendant] that he could be prosecuted as an adult and also as a juvenile, or you just told him he could be prosecuted in court?

"A. I just told him that the evidence that was set forth in this statement could be used against him. I had no way of knowing . . .

"Q. Did he—

"A. . . . where he would be tried." From this we can see it was not made clear to defendant that he was exposing himself to criminal as well as juvenile liability.

The majority opinion asserts that because the defendant admitted his statement was voluntarily made, he therefore recognized that anything he said could be used against him in *any* subsequent proceedings in court. The defendant's admission of

voluntariness, however, was made in response to a question about whether any violence was used on him to extract the statement, and the fact remains that defendant was not apprised and did not understand that his statement was admissible against him at a trial under the general law.

The juvenile code was also violated by the failure of either police or juvenile authorities to get in touch with defendant's parents or relatives or to have them present at the questioning, despite the provisions of Sec. 211.131, RSMo 1969, V.A. M.S., that when a child is taken into custody the parents are to be notified as soon as possible. See State v. White, 494 S.W.2d 687 (Mo.App.1973). This failure further illustrates the general disregard by the police of their duties and obligations under the juvenile code in the present case.

For these reasons, I would reverse and remand for a new trial.