527 P.2d 305

In the Matter of the APPEAL IN MARICOPA COUNTY, JUVENILE ACTION J–72773S.

No. 1 CA–JUV 21.

Court of Appeals of Arizona, Division 1, Department B.

Dec. 5, 1974.

Review Denied Jan. 21, 1975.

Moise Berger, Maricopa County Atty. by C. O. Lamp, Deputy County Atty., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Anne Kappes, Deputy Public Defender, Phoenix, for appellant.

## OPINION

JACOBSON, Chief Judge, Division 1.

Two questions are presented for resolution in this appeal:

(1) The admissibility of a juvenile's out-of-court inculpatory statements when he was not warned by the officer that if he or his parents could not afford an attorney the court would provide one and he was questioned by the police at the city jail in the absence of his parents or any juvenile court representative.

(2) The quantum of proof required for a juvenile probation revocation.

On January 26, 1972 the juvenile was adjudicated delinquent based on his admission of shoplifting and was placed on probation. Subsequently, on October 26, 1972 he admitted receiving stolen goods, truancy and a curfew violation, once again being placed on probation.

The incident out of which this appeal arises occurred on November 19, 1973. Around 11:00 p. m. on that date, police officers in an unmarked car observed three persons parked in an automobile near the curb in front of the juvenile's home. The juvenile's sister and her boyfriend were in the front seat and the juvenile was in the back seat, leaning over the front seat con-

sole. The officers circled the block before approaching the car. When they walked near the car they could smell burning marijuana as one of the car windows was ajar. The three individuals were ordered from the car and a brass pipe and a baggie of marijuana were impounded. Although the police officers had previously observed the juvenile's sister and her boyfriend passing the pipe between themselves, the pipe was never observed in the juvenile's possession.

At the police station, the juvenile was questioned by one of the police officers. According to the officer, the following transpired:

"He was advised that you have the right to remain silent. Anything you say can be held against you in a court of law. You have the right to the presence of an attorney to assist you prior to questioning and to be with you during questioning, if you so desire. If you cannot afford an attorney, you have the right to have an attorney appointed to you prior to questioning.

"I asked him if he understood these rights. He said he did. I asked him if he wanted an attorney. He said he did not desire an attorney. I asked him if he would voluntarily answer my questions. He said he would.

\* \* \* \* \* \*

"I asked him if he had smoked the pipe which we had retrieved that appeared to contain marijuana. He said, yes, he did. I asked him why; and his statement, I believe, verbatim was, 'There was nothing else to do.'

"Q. Now, when you asked him about the pipe, did you refer to a specific pipe?

"A. The brass pipe which we retrieved from the vehicle.

"Q. All right. And he said he had smoked from it?

"A. Yes, ma'am.

"Q. And did you have any further conversation with the boy?

"A. That was the extent of the conversation. The referral was completed and the subject was detained."

**348**

On April 26, 1974 hearing was held on the alleged violation of probation and delinquency due to the alleged possession of marijuana. The juvenile was thereupon found to be in violation of the terms and conditions of his probation and delinquent and he was committed to the State Department of Corrections for placement. The juvenile appeals this finding of probation violation.

 Illegal possession of marijuana requires ". . . either actual physical possession or constructive possession with actual knowledge of the presence of the narcotic substance." State v. Ballinger, 19 Ariz.App. 32, 35, 504 P.2d 955, 958 (1973). Constructive possession can be found by a showing of the accused's dominion and control of the drug. In the instant situation, the only evidence linking juvenile to the brass pipe of marijuana is his inculpatory statements to the officer during the jailhouse interrogation. If these statements are inadmissible, there is insufficient evidence upon which to base a finding of his possession of marijuana in violation of the terms of his probation.

The extra-judicial admissions of minors have been the subject of three Arizona Supreme Court decisions: State v. Hardy, 107 Ariz. 583, 491 P.2d 17 (1971); State v. Maloney, 102 Ariz. 495, 433 P.2d 625 (1967); and State v. Shaw, 93 Ariz. 40, 378 P.2d 487 (1963). All three of these decisions dealt with the problem of extra-judicial statements taken while the minor was under the jurisdiction of the juvenile court for introduction in the trial of the minor as an adult. Both *Shaw* and *Maloney* held that unless the parents, guardian or counsel of the minor were present during the statement-taking process, such extra-judicial statements were inadmissible. *Hardy* overruled these decisions and held that "Rule 18, [Rules of Procedure of the Juvenile Court] sets the standards for the admission of the statement of a child."

Rule 18, *supra,* provides:

"No extra-judicial statement to a peace officer or court officer by the child shall be admitted into evidence in juvenile court over objection unless the person offering the statement demonstrates to the satisfaction of the court that: The statement was voluntary and before making the statement the child was informed and intelligently comprehended that he need not make a statement, that any statement made might be used in a court proceeding, and that he had a right to consult with counsel prior to making a statement and during the taking of the statement, and that, if he or his parents, guardian or custodian could not afford an attorney, the court would appoint one for him prior to any questioning."

Since the juvenile here was given the standard *Miranda* warnings, does the failure to also advise the juvenile in accordance with this Rule, "if . . . his parents, guardian or custodian could not afford an attorney" one would be appointed for him, make the statements inadmissible? We believe not.

In our opinion, the standard *Miranda* warning in this regard is more stringent and beneficial to an accused than Rule 18. Under *Miranda,* the juvenile is advised that if he, *personally,* is unable to afford counsel, one will be appointed. It appears logical that the chances of a minor under the age of 18 having sufficient funds to employ an attorney would be remote. However, Rule 18 implies that even if the minor does not have sufficient funds to employ counsel, if his parents, guardian or custodian have such funds, an attorney will not be appointed.

We do not need to determine in this case whether under the rationale of In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967), voiding artificial distinctions between adult and juvenile proceedings, a Rule 18 warning would be invalid. We do hold that the warning given the juvenile in this case comports with Rule 18, and in fact provides him greater safeguards than Rule 18, and therefore he cannot complain.

 Although there was no express finding made by the trial court that the statements by juvenile were voluntary and

that he intelligently comprehended his rights, as the juvenile did not object to the lack of a voluntariness hearing and the voluntariness issue was discussed at the proceedings, the trial court's admission of the juvenile's statements is affirmed.

In a revocation of probation proceeding, the state is required to establish only by a preponderance of the evidence that the alleged probation violation has occurred. In re Maricopa County Juvenile Action No. J–72918–S, 111 Ariz. 135, 524 P.2d 1310 (1974). The evidence in this case complies with that standard.

At the time the record in this case was transmitted from the Superior Court to this court, it did not contain a request for oral argument. Accordingly, the matter was assigned to this department without oral argument, and subsequently was deemed submitted and taken under advisement. Following notification of counsel of this action, counsel for the juvenile forwarded a certified copy of a request for oral argument, timely filed in the trial court but apparently inadvertently omitted from the record on appeal.

We note that the Rules of Procedure for Juvenile Court do not expressly provide that oral argument, if timely requested must be afforded. Rule 25(b), Rules of Procedure of Juvenile Court merely provides that, "If oral argument is requested, it shall be separately indicated at the time of filing the notice of appeal." We further note that in adult criminal appeals, the right to oral argument is discretionary with the court. Rule 31.14(a), Rules of Criminal Procedure. We therefore hold that in juvenile appeals dealing with determination of delinquency, the right to oral argument on appeal is discretionary with the court. It is the opinion of the court that oral argument in this case would not have been beneficial to the court, and therefore the request for oral argument is denied.

For the above reasons, the decision of the Superior Court is affirmed.

HAIRE, P. J., and EUBANK, J., concur.