555 P.2d 1139

**The STATE of Arizona, Appellee,**

v.

**Fred Rudolfo MIRAMON, Appellant.**

**No. 2 CA–CR 785.**

Court of Appeals of Arizona,
Division 2.

Aug. 11, 1976.

Rehearing Denied Sept. 21, 1976.

Petition for Review Denied Oct. 19, 1976.

Bruce E. Babbitt, Atty. Gen., Phoenix by Heather A. Sigworth, Asst. Atty. Gen., Tucson, for appellee.

Wolfram & Trujillo by Donald E. Wolfram, Phoenix, for appellant.

## OPINION

HOWARD, Chief Judge.

In a trial before the court sitting without a jury appellant was convicted of possession of marijuana and possession of marijuana for sale. The sentence and judgment of the court read as follows:

"It is hereby ordered that the defendant is found to be guilty of unlawful possession of marijuana for sale, a felony, and unlawful possession of marijuana, a felony; . . . an imposition of sentence is hereby suspended for a period of four years . . . ."

The pertinent facts show that pursuant to an informant's tip, law enforcement officers from the Globe Police Department took up surveillance of an automobile in a church parking lot. Appellant and two other persons entered the vehicle and left the parking lot. The officers began following the vehicle. Appellant was in the right front passenger seat. There was another person in the rear seat of the automobile and it was being driven by its owner. The person in the back seat of the automobile saw that they were being followed by the police officers and the officers observed him bend forward and apparently say something to appellant who then was observed to bend forward in his seat. It did not appear to the police officers that he was attempting to hide anything.

The vehicle was stopped by the police officers who, after having the occupants alight from the vehicle, discovered a brown paper sack protruding about four inches underneath the right front passenger seat.

The brown paper sack contained approximately fourteen baggies of marijuana.

A strip search of appellant at the police station revealed two marijuana cigarettes in his sock.

Appellant has alleged several errors but we need only discuss one which is dispositive of this appeal—Does the evidence show beyond a reasonable doubt that appellant was in possession of the marijuana which was found under the passenger seat?

In order to convict for possession of marijuana for sale the prosecution must establish not only that the accused had knowledge of the existence of the substance and that it was marijuana but it must also show that the accused exercised dominion and control over the marijuana. *State v. Arce*, 107 Ariz. 156, 483 P.2d 1395 (1971). The possession required for the commission of the crime need not be physical possession but can consist of constructive possession. *State v. Carr*, 8 Ariz.App. 300, 445 P.2d 857 (1969). Constructive possession of marijuana can be found by showing the accused's dominion and control of the drug. *In re Appeal in Maricopa County, Juvenile Action J-72773S*, 22 Ariz.App. 346, 527 P.2d 305 (1975). Possession of narcotics may be sole or joint and two or more persons may have joint possession thereof. *Riley v. United States*, 411 F.2d 1146 (9th Cir. 1969); *State v. Saiz*, 106 Ariz. 352, 476 P.2d 515 (1970).

It is also the rule that mere presence of a person where narcotics or marijuana is found is insufficient to establish that the person knowingly possessed or exercised dominion and control over the drugs. *State v. Van Meter*, 7 Ariz.App. 422, 440 P.2d 58 (1968).

What facts are there then that show that appellant exercised dominion and control over the marijuana located under the passenger seat? The state relies on the fact that he obviously knew that the marijuana was there because it protruded enough so that it would have touched his

 

foot or the cuff of his trousers. While this may be true, mere knowledge of the existence of the marijuana is not enough. Nor does the fact that he had two marijuana cigarettes in his possession indicate that he exercised dominion and control over the baggies of marijuana. There was no evidence of any kind to connect the cigarettes with the marijuana which was found in the baggies, Furthermore, we cannot, as is suggested by the state, come to the conclusion that when appellant was bending over he was doing something to the baggies of marijuana. This is especially so in view of the testimony of one of the officers who stated that appellant did not appear to be hiding anything. Although the fact that appellant knew of the presence of the contraband might have been established the state did not prove that he had the right to control its disposition or use which may be established by circumstantial evidence. See *Staples v. State*, 528 P.2d 1131 (Okl. Cr.1974). The evidence was insufficient to support appellant's conviction of possession of marijuana for sale.

 In reading the judgment and sentence of the trial court we are unable to tell whether or not the trial court would have placed appellant on probation for a period of four years if he had not been convicted of possession of marijuana for sale. We therefore find it necessary to remand Count One of Indictment No. 7GJ–62 for resentencing.

The judgment of guilt on Count One of Indictment No. 7GJ–62 is affirmed; the judgment of guilt on Count One of Indictment No. 7GJ–63 is reversed and the trial court is directed to enter a judgment of acquittal on said count; the sentence on Count One of Indictment 7GJ–62 is set aside and remanded to the trial court for resentencing.

KRUCKER, J., concurring.

HATHAWAY, Judge (concurring in part and dissenting in part).

While I agree the judgment of guilt on the possession of marijuana count should be affirmed, I believe the evidence is sufficient to also affirm the conviction of possession of marijuana for sale.

Appellant was the only occupant in the automobile having immediate possession and control of the bulky, torn paper bag containing nineteen plastic baggies of marijuana, it being stuffed under his seat and protruding some four inches against his left leg. It may be reasonably inferred that the passenger in the back seat notified him of the police pursuit whereupon appellant ducked down to hide the bag under his seat and tore the bulky bag while attempting to secrete it within the limited space. Appellant's argument that he just as well might have been hiding the cigarettes in his sock does not reasonably follow since it would appear his object, if concern were for the cigarettes in his immediate possession, would have been to get them off his person. I would affirm on both counts.