·576 P.2d 129
**STATE of Arizona, Appellee,**

v.

**Melvin Lee JACKSON, Appellant.**

**No. 3713.**

Supreme Court of Arizona,
In Banc.

March 1, 1978.

Rehearing Denied March 28, 1978.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III and Galen H. Wilkes, Asst. Attys. Gen., Phoenix, for appellee.

Alan H. Susman, Phoenix, for appellant.

HOLOHAN, Justice.

Appellant, Melvin Lee Jackson, was convicted of second-degree murder and sentenced to confinement for twenty-five years to life.

The essential facts are that on January 2, 1975, in the early morning hours appellant with two companions, Samuel Parker and Barry Russell, entered a U-Totem convenience market in Tempe, Arizona, and shot the store clerk, Joseph Howard Curtiss. There were no eyewitnesses to the crime.

Appellant was arrested by police officers of the City of Phoenix on November 21, 1975, in connection with an unconnected armed robbery in the City of Phoenix. During the questioning by the officers the appellant made reference to the shooting in Tempe. After further questioning the officers determined that the appellant had knowledge of the unsolved homicide which had occurred in the U-Totem market in Tempe in January of 1975. This interview lasted for approximately 15 minutes and prior to any further questioning appellant was read his *Miranda* rights from a standard rights card.

The information obtained from appellant was given to the Tempe Police Department. Officer Roger Ferguson of that department came to Phoenix to question the appellant on the same day at approximately 6:00 p. m. Before questioning the appellant Officer Ferguson advised him of his *Miranda* rights from a standard rights card. This interview lasted for approximately 20 minutes. Officer Ferguson returned to Phoenix with another officer the next day on November 22, 1975, at 10:45 a. m. Ferguson took the appellant to Tempe for questioning and on the way from Phoenix they stopped at the scene of the homicide. The record indicated that the officer stopped at the U-Totem for "psychological purposes." After arriving at the Tempe Police Department the appellant was again read his rights and signed a waiver form prepared by the officers. After discussing another robbery for about 25 minutes, appellant indicated that he participated in the homicide at the U-Totem and claimed that his companion, Samuel Parker, fired the fatal shots. This interview lasted for approximately an hour and a half. The appellant signed a statement prepared from the tape recording of the interview. Although appellant was not advised orally that his case could be remanded to adult court, the state-

ment signed by the appellant contained such a warning.

On November 23, 1975, at approximately 2:15 p. m., appellant was again given *Miranda* warnings, and Officer Ferguson advised the appellant that he would be confronted with his companions, Samuel Parker and Barry Russell. At this point the appellant was highly emotional and confessed he was the one that fired the gun. In addition, he also admitted that he and his companions entered the premises for the purpose of robbing the establishment. This interview lasted approximately 15 minutes. As in the previous interview, appellant was not orally advised that his case could be remanded to the Superior Court, but was advised of the possibility on the transcript which the appellant signed.

At the time of the shooting appellant was 16 years old, had a ninth grade education, was average in intelligence and was apparently in good health. The record indicates that the appellant was not subjected to physical abuse, and no threats were made against him.

A petition was filed in Juvenile Court, and counsel was appointed for appellant. The county attorney requested that the appellant be transferred to the Superior Court for prosecution as an adult. A hearing was held by the Juvenile Court judge, and he ordered that the appellant be transferred to adult authority for prosecution.

The appellant was thereafter charged in the Superior Court with murder and attempted armed robbery. Counsel was appointed and a plea of not guilty entered.

The appellant, through counsel, sought to have the statements made by appellant suppressed as not voluntary. The Superior Court denied appellant's motion to suppress. Following the ruling of the Superior Court

on the motion to suppress, the appellant and the prosecution entered into a stipulation to submit the issue of guilt or innocence to the Superior Court based on the preliminary hearing transcript, the statements made by appellant, and the police reports. Counsel for the state and appellant presented arguments to the trial judge, who subsequently found the appellant guilty of murder in the second degree and not guilty of attempted robbery.

■ Appellant urges that his confession should be suppressed because it was not voluntary and because appellant's parents were not present during questioning. *See Gallegos v. Colorado,* 370 U.S. 49, 82 S.Ct. 1209, 8 L.Ed.2d 325 (1962). Appellant urges that we follow a *per se* rule regarding the presence of parents during the questioning of juveniles by police authorities, that is, the statements of juveniles should be suppressed unless parents are present during questioning. Appellant argues that we should follow *State v. Maloney,* 102 Ariz. 495, 433 P.2d 625 (1967) which required the presence of parents during the questioning of juveniles. We find appellant's contention without merit because this requirement was specifically overruled in *State v. Hardy,* 107 Ariz. 583, 491 P.2d 17 (1971).

The standard for determining the voluntariness of a juvenile's statement can be found in Ariz.R.P.Juv.Ct. 18 (1973).* Rule 18, which was promulgated subsequent to the *Maloney* decision, does not require the presence of parents during the questioning of juvenile suspects. It has been held that under Rule 18 voluntariness of a statement by a juvenile shall be judged according to the totality of the circumstances and that the presence of the parents is only one factor in determining the voluntariness of a juvenile's statement. *See Gallegos v. Colo-*

---

* Ariz.R.P.Juv.Ct. 18 provides:

No extra-judicial statement to a peace officer or court officer by the child shall be admitted into evidence in juvenile court over objection unless the person offering the statement demonstrates to the satisfaction of the court that: The statement was voluntary and before making the statement the child was informed and intelligently comprehended that he need not make a statement, that any statement made might be used in a court proceeding, and that he had a right to consult with counsel prior to making a statement and during the taking of the statement, and that, if he or his parents, guardian or custodian could not afford an attorney, the court would appoint one for him prior to any questioning.

*rado, supra; State v. Rodriquez,* 113 Ariz. 409, 555 P.2d 655 (1976); *State v. Taylor,* 112 Ariz. 68, 532 P.2d 938 (1975); *State v. Hardy, supra.*

The evidence indicates that the appellant was in good health and was not subject to any physical threats by the police officers. The evidence also showed that the appellant had a ninth grade education and was of normal intellectual capacity. Although prior to his conviction the evidence showed the appellant was emotionally upset when the officer suggested that the appellant confront his accomplices, we do not find that this circumstance alone is sufficient to render the confession involuntary. *See State v. Toney,* 113 Ariz. 404, 555 P.2d 650 (1976). Because there is no clear and manifest error, the trial court's determination that the statement was given voluntarily will not be disturbed. *See State v. Edwards,* 111 Ariz. 357, 529 P.2d 1174 (1974); *State v. Sanders,* 101 Ariz. 410, 420 P.2d 281 (1966).

Appellant contends that the submission of the case to the Superior Court was tantamount to a plea of guilty, and the trial court should have advised him of the maximum range of possible sentences. *See State v. Woods,* 114 Ariz. 385, 561 P.2d 306 (1977). From a review of the case we conclude that the submission was not tantamount to a plea of guilty.

As counsel for appellant points out in the opening brief (page 11): "There was absolutely no agreement as to any finding that would be made and the submission to the court did not constitute a plea bargain." The trial court acquitted appellant of the attempted robbery charge and found him guilty of the lesser degree of murder, so there were unresolved questions presented by the record. It is also clear that the appellant wished to preserve the question of the admissibility of his statements. A guilty plea would have waived any inquiry into the matter on appeal. *State v. Lerner,* 113 Ariz. 284, 551 P.2d 553 (1976). In view of the state of the record, it was not error for the trial court to fail to advise appellant of the maximum range of possible sentences.

The judgment of the Superior Court is affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS and GORDON, JJ., concur.