657 P.2d 915

**In the Matter of the APPEAL IN PINAL COUNTY, JUVENILE ACTION NO. J–677.**

No. 2 CA–CIV 4536.

Court of Appeals of Arizona, Division 2.

Dec. 6, 1982.

Robert C. Brown, Casa Grande, for appellant.

Roy A. Mendoza, Pinal County Atty. by Janet Keating, Florence, for appellee.

## OPINION

BIRDSALL, Judge.

A juvenile court order transferring appellant to adult court for prosecution on a first-degree murder charge is the subject of this appeal. The juvenile court's order of transfer satisfies the requirements of Rules 14(b) and (c), Rules of Procedure for the Juvenile Court, 17A A.R.S. Two grounds for reversal are urged: (1) appellant and his parents were not informed, prior to police interrogation of him, that he might be transferred to adult court for prosecution, and therefore, his confession was inadmissible, and (2) the state did not satisfy its burden of proving that appellant was not amenable to treatment or rehabilitation. We reject appellant's arguments and affirm.

Regarding the confession, the court expressly found that the totality of the circumstances, which included the juvenile's age (16½), his average intelligence, the adversarial setting of the police station, and his parents' presence proved that the juvenile's statements were totally voluntary. It also found that he confessed after being properly advised of his constitutional rights which he knowingly, intelligently and voluntarily waived.

■ Rule 18, Rules of Procedure for the Juvenile Court, 17A A.R.S., sets the standards for the admission of the statement of a child. *State v. Mattox,* 113 Ariz. 252, 550 P.2d 630 (1976). Rule 18 contains no requirement that the child be informed that he might be transferred to adult court for prosecution. This omission is significant

since prior to the adoption of these rules in 1970 our supreme court held that this warning was necessary. *State v. Maloney,* 102 Ariz. 495, 433 P.2d 625 (1967). *See also State v. Cano,* 103 Ariz. 37, 436 P.2d 586 (1968) and *State v. Councilman,* 105 Ariz. 145, 460 P.2d 640 (1969). After the adoption of the rules, our Supreme Court has applied the "totality of the circumstances" test in determining whether a juvenile voluntarily and intelligently waived his right against self-incrimination. *State v. Toney,* 113 Ariz. 404, 555 P.2d 650 (1976). *See also State v. Rodriguez,* 113 Ariz. 409, 555 P.2d 655 (1976); *State v. Hardy,* 107 Ariz. 583, 491 P.2d 17 (1971). Our review of the record discloses substantial evidence to support the court's finding that appellant voluntarily and intelligently waived the privilege. We reject appellant's claim that the transfer was constitutionally infirm because he was not specifically advised of the possibility of criminal prosecution as an adult. Where, as here, the criminal ramifications are obvious,[1] appellant was charged with notice that prosecution as an adult was a possibility. Other appellate courts have similarly held. *People v. Prude,* 66 Ill.2d 470, 6 Ill.Dec. 689, 363 N.E.2d 371 (1977), cert. denied 434 U.S. 930, 98 S.Ct. 418, 54 L.Ed.2d 291 (1977); *State v. Luoma,* 88 Wash.2d 28, 558 P.2d 756 (1977); *State v. Loyd,* 297 Minn. 442, 212 N.W.2d 671 (1973); *In Interest of A.D.R.,* 515 S.W.2d 438 (Mo. 1974); *State v. Gullings,* 244 Or. 173, 416 P.2d 311 (1966); *Edwards v. State,* 227 Kan. 723, 608 P.2d 1006 (1980).

■ We find no lack of proof by the state of appellant's non-amenability to treatment in available facilities. Appellant, after losing a fist-fight with the 14-year-old victim, went home, got a loaded pistol, followed the victim and shot at him. He continued to shoot as the victim tried to run away. Appellant's personality was such that there was a potential for future violent behavior. He needed long-term control and supervision which would not be possible because of his age. This factor was correctly

1. The factors making criminal prosecution obvious included appellant's age, intelligence and experience and the patently adversary setting of the interrogation at the police station.

considered in deciding whether to keep appellant in the juvenile system. *In re Pima County, Juvenile Action No. 35834–1*, 20 Ariz.App. 10, 509 P.2d 1047 (1973).

Affirmed.

HOWARD, C.J., and HATHAWAY, J., concur.