666 P.2d 1097

The STATE of Arizona, Petitioner,

v.

The Honorable William BERLAT, Judge Pro Tempore of the Superior Court of Pima County, State of Arizona, Respondent,

and

Aniceto De Los Santos MORENO, Real Party in Interest.

No. 2 CA–CIV 4832.

Court of Appeals of Arizona, Division 2.

June 28, 1983.

Stephen D. Neely, Pima County Atty. by Clinton R. Stinson, Deputy County Atty., Tucson, for petitioner.

Frederic J. Dardis, Pima County Public Defender by Robert L. Castillo, Asst. Public Defender, Tucson, for Real Party in Interest.

## OPINION

HATHAWAY, Judge.

The state has brought this special action to challenge the lower court's order excluding statements made by the minor real party in interest. Since the state is without a remedy by appeal, and because the application of Rule 18, Rules of Procedure for Juvenile Court, 17A, A.R.S., is a matter of statewide interest, we assume jurisdiction and grant relief.

The real party in interest was with another juvenile who was in possession of a pair of nunchakus. Tucson Police Sergeant Hartigan approached them and ordered the other juvenile to drop the weapon which he did. Sergeant Hartigan advised the juveniles the weapon was illegal and at this time, according to the state, the real party in interest spontaneously and without any prompting or questioning by the officer, began to make statements concerning the possession and ownership of the weapon. The juvenile was not then in custody or under arrest.

■ At the real party in interest's probation revocation hearing on May 12, 1983, the judge refused to allow the state to introduce the statements made to the officer, stating that he believed Rule 18 required that the warnings be given no matter what the circumstances of the giving of the statement. The rule provides:

"No extra-judicial statement to a peace officer or court officer by the child shall be admitted into evidence in juvenile court over objection unless the person offering the statement demonstrates to the satisfaction of the court that: The statement was voluntary and before making the statement the child was informed and intelligently comprehended that he need not make a statement, that any statement made might be used in a court proceeding, and that he had a right to consult with counsel prior to making a statement and during the taking of the statement, and that, if he or his parents, guardian, or custodian could not afford an attorney, the court would appoint one for him prior to any questioning."

Rule 18, as part of the Arizona Rules of Procedure for the Juvenile Court, was adopted in 1970, and followed the decision of *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The issue presented here is whether the Rule 18 warnings are required in all situations, even where the facts would not be subject to the dictates of *Miranda.* We find the answer is no and the rule should not be construed to exclude statements by juveniles where *Miranda* would not require warnings.

Prior to *Miranda,* Arizona provided procedural means to protect the interests of a child. In *State v. Shaw,* 93 Ariz. 40, 378 P.2d 487 (1963), the supreme court recognized the need for special treatment of a juvenile when confronted by the police and it interpreted A.R.S. § 8–221(A), repealed in 1970, to require that a probation officer be notified immediately upon the arrest of a child or else any statement by the minor would be inadmissible without regard to voluntariness. In *State v. Maloney,* 102 Ariz. 495, 433 P.2d 625 (1967), the court reinterpreted the statute and held that inculpatory statements by the child could not later be used against him in a criminal proceeding unless he and his parents were advised of certain rights before questioning.

In 1970, with the adoption of the rules of procedure, the legislature repealed the statutes interpreted in *Shaw* and *Maloney* and the first case thereafter to deal with inculpatory statements, *State v. Hardy,* 107 Ariz. 583, 491 P.2d 17 (1971), held that Rule 18 would set the standard for the admission of a statement of a child, overruling anything to the contrary in *Maloney.* It is clear that our supreme court found that Rule 18's promulgation effectively supplanted the prior case law which had applied the rights given to adults in *Miranda* to the juvenile setting. Rule 18 " * * * effectively makes the holding of *Miranda v. Arizona* [footnote omitted] applicable to the juvenile court ..." 16 Ariz.L.Rev. at 355.

In *Hardy,* supra, the supreme court held that the presence of the child's parents or their consent to a waiver of rights is only one of the elements to be considered by the trial court in determining whether the statement was voluntary and if the child waived his rights. It is clear that the court was concerned with *Miranda*-type situations and that Rule 18 is not to be interpreted so as to exclude a child's statements which are volunteered or spontaneous and not in response to any police conduct.

Neither Rule 18 nor the case law which it replaced dealt with non-*Miranda* situations. The decisions of *Hardy, Maloney* and *Shaw,* deal with extra-judicial statements made while the minor was in "custodial interrogation." *Miranda* addressed " * * * incommunicado interrogation of individuals in a police-dominated atmosphere, resulting in self-incriminating statements without full warning of constitutional rights." 384 U.S. at 445, 86 S.Ct. at 1612. The court explicitly excluded general on-the-scene questioning for the purpose of investigating crime from the definition of "custodial interrogation." 384 U.S. at 477–78, 86 S.Ct. at 1629–1630. The record before us shows that the officer's confrontation of the real party in interest and the other juvenile might come under the category of on-the-scene questioning. It was not custodial interrogation and *Miranda*-type warnings of Rule 18 were not required. See *State v. Morse,* 127 Ariz. 25, 617 P.2d 1141 (1980).

The real party in interest argues that the statements were elicited by "interrogation" because the juveniles were detained by the officer in the street and when the officer ordered the other juvenile to drop the weapon, he should have known that the children were reasonably likely to make an incriminating statement. We are unable to reach this strained conclusion. See *Rhode Island v. Innis,* 446 U.S. 291, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980).

The order of the trial court excluding the statements of the real party in interest is vacated and the case is remanded for further proceedings.

HOWARD, C.J., and BIRDSALL, J., concur.