HOLOHAN, Chief Justice.
This petition for review presents the issue of whether the confession of the juvenile should have been suppressed at his juvenile transfer hearing. The Court of Appeals, in a memorandum decision, found no violation of the juvenile’s rights and affirmed the transfer order. In re Maricopa County Juvenile Action No. J-88515, 1 CA-JUV 199 (memorandum decision, filed Aug. 11, 1983). We accepted review. We hold that the confession should have been suppressed.
The juvenile in this case was arrested for an auto theft. While in custody, on August 18, 1982, he had a conversation with Detective Robert J. Brunansky, at which time the detective advised him, as required by Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), of his constitutional rights. The 17-year-old advised Detective Brunansky that he wished to remain silent and wished to see an attorney. The detective ceased interrogation, gave the juvenile his office number and asked him to call if he changed his mind. The detective then transported the appellant to Adobe Mountain School, a juvenile correctional institution, where he was held for possible parole violation.
*262 On August 24, with the juvenile having been in custody at Adobe Mountain for one week, the parole board convened a hearing to determine if the juvenile’s parole should be revoked because of the auto theft. Detective Brunansky attended this hearing in order to testify. During the hearing, the juvenile told the parole board he did not want to make any statements relating to his involvement in the auto theft charge. The parole board immediately recessed. Mr. Lazenby, the juvenile parole officer, and the juvenile went into Lazenby’s office to talk. After talking to Lazenby, appellant agreed to talk to Detective Brunansky. Brunansky, who was outside the office, came in at Lazenby’s request, read the juvenile his Miranda rights for a second time, and questioned appellant in the presence of appellant’s parole officer. The juvenile admitted to committing the theft of a 1976 Monte Carlo; his parole was therefore subsequently revoked by the board. The legality of that action is not before us.
A hearing before the juvenile court was held on November 30, 1982, to determine whether appellant should be transferred to adult court and tried as an adult for theft. The state presented its case, including testimony by Detective Brunansky about the confession. The juvenile court found that there was probable cause to believe the juvenile committed the theft of the automobile, and reasonable grounds to fulfill the other requirements of Rule 14, Rules of Procedure for the Juvenile Court. The juvenile court ordered appellant transferred for criminal prosecution as an adult.
SUPPRESSION OP CONFESSION
At the juvenile hearing and on appeal the juvenile claimed that it was reversible error for the juvenile court to deny his motion to suppress the statement he made to Detective Brunansky. Without the introduction of these statements, he argues, no probable cause existed to believe he committed the alleged acts; therefore the petition for transfer should have been dismissed.
Rule 18, Rules of Procedure for the Juvenile Court, provides:
No extra-judicial statement to a peace officer or court officer by the child shall be admitted into evidence in juvenile court over objection unless the person offering the statement demonstrates to the satisfaction of the court that: The statement was voluntary and before making the statement the child was informed and intelligently comprehended that he need not make a statement, that any statement made might be used in a court proceeding, and that he had a right to consult with counsel prior to making a statement and during the taking of the statement, and that, if he or his parents, guardian or custodian could not afford an attorney, the court would appoint one for him prior to any questioning.
The rule is intended to apply the protections of Miranda, supra, to juvenile court.
The long-standing rule in Arizona is that confessions are prima facie involuntary and the state bears the burden of showing that the confession was freely and voluntarily given. State v. Holden, 88 Ariz. 43, 352 P.2d 705 (1960). The United States Supreme Court addressed the instant issues of waiver of counsel and voluntariness of confession in Edwards v. Arizona, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981). The Court held that “an accused ..., having expressed his desire to deal with the police only through counsel, is not subject to further interrogation by the authorities until counsel has been made available to him, unless the accused himself initiates further communication, exchanges, or conversations with the police.” Id. at 484-485, 101 S.Ct. at 1885. (emphasis added)
This court recently noted, in State v. Routhier, 137 Ariz. 90, 97, 669 P.2d 68, 75 (1983), that Edwards indicates that “[t]he assertion of the right to counsel is an expression by the accused that he is not competent to deal with the authorities without legal advice,” in contrast with the assertion of the right to silence which is “merely an expression of the accused’s desire to cut off questioning with respect to a specific subject ...” in which “[t]he lines of communication ... remain open ____” Id., 138 Ariz. at 97 n. 4, 669 P.2d at 75 n. 4.
*263 Edwards, in dicta, noted that if the accused initiated a meeting, and interrogation ensued,
[T]he question would be whether a valid waiver of the right to counsel and the right to silence had occurred, that is, whether the purported waiver was knowing and intelligent and found to be so under the totality of the circumstances, including the necessary fact that the accused, not the police, reopened the dialogue with the authorities.
451 U.S. at 486, n. 9, 101 S.Ct. at 1885, n. 9 (emphasis added). This rule was reaffirmed in Wyrick v. Fields, 459 U.S. 42, 103 S.Ct. 394, 74 L.Ed.2d 214 (1982) (per curiam), and Oregon v. Bradshaw. — U.S. -, 103 S.Ct. 2830, 77 L.Ed.2d 405 (1983). Bradshaw further observed that the determination of waiver depends “upon the particular facts and circumstances surrounding the case, including the background, experience, and conduct of the accused.” Id., — U.S. at -, 103 S.Ct. at 2835, quoting Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938). We have likewise held that under Rule 18 “voluntariness of a statement by a juvenile shall be judged according to the totality of the circumstances____” State v. Jackson, 118 Ariz. 270, 272, 576 P.2d 129, 131 (1978).
In the instant case did the juvenile “initiate” communication within the meaning of Edwards'! We think that he did not. The juvenile was never furnished counsel, and, when he claimed his right to remain silent at the juvenile parole hearing, a convenient recess was taken. The juvenile’s parole officer then talked to him.
The parole officer, after informing the juvenile he did not have to talk to the police or the parole board, said that anything the juvenile would say to him would be confidential. (There is actually no legal confidentiality for statements between parole officer and parolee). The juvenile thereupon confessed to him and the parole officer asked him if he wished to speak with the detective. The juvenile assented, and the detective, who was waiting outside, was brought in. He asked the juvenile if he wanted to make a statement to him and the juvenile said he would. He then read the juvenile his Miranda rights and the juvenile immediately confessed.
From all the evidence, we find the juvenile’s rights to silence and an attorney were not scrupulously honored. From the totality of the circumstances, we conclude that the decision to confess was not voluntary. The juvenile’s requests for an attorney were never honored. His right to remain silent was not taken as final. The hearing board recessed when the juvenile sought to remain silent, and his parole officer entered the scene. It strains belief to maintain that the subsequent giving of a confession was a free and voluntary act as has been defined in Miranda and Edwards.
The juvenile court erred in denying the motion to suppress the confession.
PROBABLE CAUSE
There is the suggestion that even without the confession enough evidence was produced to satisfy the burden of proof necessary to show that the offense was committed by the juvenile. Although the standard required is probable cause, we are unable to weigh the evidence to the degree of certainty required by appellate courts in such instances. The weighing of the conflicting evidence is a matter for the trial court.
DISPOSITION
The transfer order is vacated.
Ordinarily this case would be remanded to the juvenile court for a new transfer hearing, but the record shows that the appellant passed his eighteenth birthday while this matter was pending. The juvenile court has lost jurisdiction. Appeal in Maricopa County Juvenile No. J-86509, 124 Ariz. 377, 604 P.2d 641 (1979).
GORDON, V.C.J., and HAYS, CAMERON and FELDMAN, JJ., concur.