STATE of Iowa, Appellee,

v.

John Lyndon Thomas O'CONNOR, Appellant.

No. 68810.

Supreme Court of Iowa.

March 14, 1984.

LARSON, Justice.

This is an appeal from the defendant's conviction of the crimes of burglary in the second degree, Iowa Code sections 713.1 and 713.3, and theft in the fourth degree, Iowa Code sections 714.1 and 714.2(4). Following his conviction he appealed to this court and the case was referred to the Court of Appeals which affirmed the conviction by a three-to-two majority. On application of the defendant further review was granted by this court. We affirm.

On the early morning of December 19, 1981, a gas station in Hedrick, Iowa, was burglarized. A witness identified an automobile which eventually led to the arrest of this defendant, who was seventeen years old at the time of the offense. Investigating officers went to defendant's home and were granted permission to enter. Upon entering, one of them, according to the officers, advised the defendant of his *Miranda* rights. The defendant then made an oral statement to him. This oral statement was later suppressed upon the defendant's motion, and that ruling is not before us. The only issue involved here concerns the court's refusal to suppress a later, written, statement.

The defendant was asked to go with the officers to the police station, which he did. His mother accompanied him.

The events which transpired at the police station are the subjects of considerable conflict in the testimony. There was testimony by the officers that the defendant was orally advised of his *Miranda* rights and that he signed a "juvenile" *Miranda* form which was read to him, then signed by the officer and by the defendant's mother. The defendant was not advised that he could be tried as an adult if the juvenile court waived its jurisdiction. The officers also testified that a written statement of the events implicating the defendant was signed by him after the *Miranda* waiver was signed by the defendant and his mother.

The defendant now challenges the admission of this statement over his objection on

Francis C. Hoyt, Jr., Appellate Defender, and Linda Del Gallo, Asst. Appellate Defender, Des Moines, for appellant.

Thomas J. Miller, Atty. Gen., Joseph P. Weeg, Asst. Atty. Gen., and Glenn M. Bradley, County Atty., for appellee.

Considered by UHLENHOPP, P.J., and HARRIS, LARSON, CARTER, and WOLLE, JJ.

the ground that his waiver of his *Miranda* rights was not knowingly and voluntarily made. Specifically, he complains that he was not advised that the statement made by him could be used in the event he were charged as an adult. He testified it was his understanding that he would be processed as a juvenile as he had on five prior occasions. His mother's testimony was to the same effect. Both the defendant and his mother testified that the *Miranda* waiver was signed *after* the written statement was given by him although this evidence was contradicted by the officers' testimony and by the times shown on the waiver form and the written statement.

The issues presented are (1) whether a waiver by a juvenile of his *Miranda* rights must include evidence of an understanding on the part of the juvenile that he could be tried as an adult, and the statement used against him, if the juvenile court waives its jurisdiction; and (2) in the event such a per se rule is not required for a valid waiver of a juvenile's *Miranda* rights do the totality of these circumstances indicate those rights were freely and voluntarily waived.[1]

■■■ In determining whether a *Miranda* waiver is sufficient, we examine the totality of the circumstances surrounding the waiver. *State v. Aldape*, 307 N.W.2d 32, 36 (Iowa 1981). In addition, when a juvenile is involved, the court must consider the juvenile's age, education, level of intelligence, his opportunity to consult with a parent, guardian or counsel, the length of detention prior to the waiver, and the nature of the questioning which solicited the statement. Iowa Code § 232.45(9).

Contrary to the assertions by the defendant and his mother, we believe the evidence establishes that the waiver of the defendant's *Miranda* rights preceded the signing of the voluntary statement. The question remains whether the waiver was voluntary within the meaning of the law.

*I. The Per Se Rule.*

■■■ Addressing the issue of whether the juvenile must be informed of the possibility of the use of this statement in adult court, we note that there is support for the defendant's per se argument. In *State v. Lohnes*, 324 N.W.2d 409 (S.D.1982), cert. denied, —— U.S. ——, 103 S.Ct. 1232, 75 L.Ed.2d 466 (1983), for example, the South Dakota Supreme Court concluded that "[b]efore a juvenile, who will be tried as an adult, effectively waives his constitutional right to counsel and against self-incrimination, the juvenile must be given notice that he may be tried as an adult." (Citations omitted.) Id. at 414. On the other hand, the prevailing view is that the failure to advise the juvenile of the possibility of transfer to adult court is only one factor in assessing the totality of the circumstances bearing on voluntariness. *See e.g., In the Matter of the Appeal in Pinal County, Juvenile Action No. J–677*, 134 Ariz. 502, 657 P.2d 915 (Ariz.Ct.App.1982); *People v. Prude*, 66 Ill.2d 470, 6 Ill.Dec. 689, 363 N.E.2d 371 (1977); *Edwards v. State*, 227 Kan. 723, 608 P.2d 1006 (1980); *State v. Loyd*, 297 Minn. 442, 212 N.W.2d 671 (1973); *State v. Rone*, 515 S.W.2d 438 (Mo. 1974); *Quiriconi v. State*, 96 Nev. 766, 616 P.2d 1111 (1980); *In the Matter of V.W.B.*, 665 P.2d 1222 (Okla.Cr.App.1983); *Harris v. Commonwealth*, 217 Va. 715, 232 S.E.2d 751 (1977).

While we agree that it would be a better practice for officers to routinely advise juveniles of the possibility of waiver to adult court, we reject the per se approach urged by the defendant. We do consider this fact, however, in assessing the totality of the circumstances.

*II. The Totality of Circumstances.*

■■■ The question remains whether, under all of the circumstances shown, the defendant's waiver of his *Miranda* rights was valid.

Iowa Code section 232.45(9) provides in part that when a court is construing a

---

1. The State argues that the defendant failed to properly raise the issue of the voluntariness of

the *Miranda* waiver. The Court of Appeals rejected that argument, and so do we.

voluntariness issue in connection with the juvenile statement, it

may consider any factors it finds relevant and shall consider the following factors:

a. Opportunity for the child to consult with a parent, guardian, custodian, lawyer or other adult.

b. The age of the child.

c. The child's level of education.

d. The child's level of intelligence.

e. Whether the child was advised of his or her constitutional rights.

f. Length of time the child was held in shelter care or detention before making the statement in question.

g. The nature of the questioning which elicited the statement.

h. Whether physical punishment such as deprivation of food or sleep was used upon the child during the shelter care, detention, or questioning.

We note that the first criterion has been met here; although there was evidence the defendant's mother left the interrogation room for brief intervals, such as to get coffee, the defendant had full opportunity to consult with her.

In respect to the remaining criteria, we note that the defendant was seventeen at the time and had had at least seven years of formal education. (He testified he had left school in "the seventh or eighth" grade.) His level of intelligence is not evident in the record but there is no claim made that he lacks sufficient intelligence to understand the nature of his rights or the effect of his waiver of them. The record establishes that he was advised of his constitutional rights, that he was held only briefly in connection with the questioning, and that neither the nature of the questioning itself nor the circumstances surrounding it show any duress, punishment, or deprivation of the defendant's essential needs. In summary, we conclude that application of the criteria of section 232.45(9) does not bear out a claim of involuntariness.

Evidence supporting the defendant's claim of involuntariness, based upon his assumption he would be treated as a juvenile, includes the failure of the officers to specifically inform him of his possible transfer to adult court; the fact that the waiver form, a copy of which is appended, is entitled "*Juvenile* Miranda Rights" (emphasis added); that it provides for the signature of the "child;" and that in his five prior brushes with the law he had always been processed as a juvenile.

On the other hand, the State points out that the waiver form advised the reader that any statement "can and will be used against you in a Court of Law;" that the defendant was capable of reading and writing; and that he was "street wise" through earlier dealings with the law. Moreover, he was accompanied by his mother at all material times and she consented to his waiver; the warnings given orally advised of his rights in addition to the written form used.

When the totality of the circumstances is considered we agree with the district court and the Court of Appeals that the defendant's rights were knowingly, intelligently, and voluntarily waived.

AFFIRMED.

---

**JUVENILE MIRANDA RIGHTS**

CHILD IN CUSTODY _John Lyndon Thomas O'Connor_

Place: _OPD_

Date: _12-19-81_ Time Child Taken Into Custody: _11:15 A.M._

(The following shall be read to the Child and the Child shall read it before signing Waiver)

1. You have the right to remain silent. That means you do not have to say anything.

**12** ■ 

2. Anything you say can and will be used against you in a Court of Law. That means what you say or write can be used to prove what you may have done. Do you understand that? _yes_ Any questions? _no_

3. You have the right to talk to a Lawyer and have the Lawyer present with you while you are being questioned. That means that a Lawyer can be with you at all times and the Lawyer may tell you what the Lawyer wants you to do or say. Do you understand that? _yes_ Any questions? _no_

4. If you want an Attorney and you cannot afford to hire an Attorney, one will be appointed to represent you before any questioning. That means the cost of having an attorney will be paid by someone else if you cannot pay for it. Do you understand this? _yes_ Any questions? _no_

5. Without your parents agreement, you cannot give up your right to have a Lawyer with you and advise you during questioning. Your parents must agree in writing. Do you understand this? _yes_ Any questions? _no_

6. You can refuse to answer any or all questions at any time, or choose at any time to have a Lawyer with you during further questioning. Do you understand that I have to stop talking to you any time you say you want to stop and wait for a lawyer? _yes_ Any questions? _no_

## WAIVER OF RIGHTS

I have read my rights as listed above. I understand each of them. I have been asked if I have any questions and I do not have any. I am, right now, willing to give a statement and answer questions and give up my right to have a Lawyer present. No promises or threats have been made to me to make me give up my rights. I understand I may change my mind at any time and say I want my rights if I choose.

Signature of Child X _Jackie Blackman_ Date and Time _12-19-81 1:18_

Signature of Officer _R. Cindle_ Date and Time _12-19-81 1:18_

## WAIVER OF PARENT, GUARDIAN OR CUSTODIAN

I, _Margaret O'Connor_, _114 N.D. ave_ having been first advised that said child has the right to be represented by counsel from the time (he) (she) is taken into custody for an alleged delinquent act and during any questioning thereafter by a Peace or Probation Officer, hereby consent to this child giving up this right. I believe (he) (she) is intelligently and voluntarily making this decision based up my personal conversation with (him) (her). Yes _X_ No _____

X _Margaret O'Connor_ _Dec 19 81_ _12:19_
Signature of Date Time

_____ _____ _____
Signature of Date Time